(98 App. Div. 74)

### DAVID BELASCO CO. v. KLAW et al.

(Supreme Court, Appellate Division, First Department.   November 18, 1904.)

1. INJUNCTION—STAYING SUIT—AUTHORITY OF COURT.

  Neither the inherent power of the court to control the trial of an action nor Code Civ. Proc. § 603, authorizing the court to grant a temporary injunction when plaintiff is entitled to a judgment restraining the continuance of an act which, pending the action, will be injurious to plaintiff, authorizes the court to issue an order on motion of plaintiff to enjoin defendant from continuing an action which he has brought against plaintiff until the termination of plaintiff's suit; plaintiff not asking for an injunction as a part of the relief prayed for in his action.

Appeal from Special Term, New York County.

Action by the David Belasco Company against Marc Klaw and another and Joseph Brooks. From an order granting a stay, defendant Joseph Brooks appeals. Reversed.

See 89 N. Y. Supp. 208.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Franklin Bien, for appellant.

Charles E. Hughes, for respondent.

O'BRIEN, J. This action was brought on December 2nd, 1903, for the dissolution of a copartnership between the plaintiff and the defendants Klaw and Erlanger, and for an adjudication that the defendant Brooks, a nominal partner, had no interest in said partnership. On December 9, 1903, the defendant Brooks brought an action in the Supreme Court against David Belasco, claiming to be a partner of said Belasco, alleging that the latter had wrongfully taken a share of author's royalties, and that he (Brooks) had terminated the partnership by notice, and demanding a decree of dissolution and an accounting. In the action brought by him, Brooks, as plaintiff, moved for a receiver and Belasco moved for a stay of proceedings pending the termination of the present action, brought by the Belasco Company. The former motion was granted, and the motion for a stay denied. Subsequently the plaintiff herein was made a party defendant in the action of Brooks v. Belasco. Thereafter the Belasco Company, the plaintiff herein, moved that the defendant Brooks be stayed from further proceedings in Brooks v. Belasco until the termination of this action, which motion was granted, and it is from the order entered thereupon that the defendant Brooks appeals.

Without considering the question of whether or not, upon the merits, one action should be stayed until the other can be tried, we think that the order appealed from was unauthorized. The inherent power of the court to stay proceedings or control the trial of an action is one which must be exercised in the action itself, and, where it is sought to enjoin parties from proceeding in another action, such relief must be by injunction in an action where by formal prayer it is demanded. Neither under the provisions of the Code of Civil Procedure nor by sanction of any authority to which our attention has been called is the practice permitted to apply in an action brought for an entirely different purpose, to stay the trial of another action. In the present instance the order granted is called an order staying the trial of another action, but in substance and effect it is an injunction order, which has been granted in this action in which no injunctive relief is asked, and in which the plaintiff was not even required to give a bond. It is clear, therefore, that the injunction is not warranted under section 603 of the Code of Civil Procedure, because that section applies when the right to an injunction depends upon the nature of the action. The proper practice was followed when the application for a stay was made in the action of Brooks v. Belasco, and, though it was denied, we now have the anomaly of an application for what is termed a stay of such action (Brooks v. Belasco) made in the present action and granted. We are, of course, aware of the cases under the section of the Code referred to where an action is brought, and wherein as part of the relief an injunction is demanded, and wherein the court has power to grant a preliminary injunction to stay proceedings of the defendant during the pendency of the suit. In those cases, however, it will be found that part or all of the relief sought and for which judgment is demanded is an injunction to restrain the proceedings of the defendant during the pendency of the action.

In view of the suggestion that all of the questions can be disposed of in one action, it would seemingly be proper, if all the parties to be affected are present, that but one action should proceed, and, if it appears that Brooks v. Belasco is the action that should be stayed, such relief must be obtained in that action.

We think, therefore, that there is no authority for the order made, and that it should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.