(109 App. Div. 549)

## LEONARD v. SCHMIDT et al.

(Supreme Court, Appellate Division, First Department.   December 8, 1905.)

1. INJUNCTION—PENDENCY OF ACTION—PLEADING.

Under Code Civ. Proc. § 603, providing that, where it appears from the complaint that plaintiff demands and is entitled to a judgment against defendant restraining the commission or continuance of an act which during the pendency of the action will injure plaintiff, an injunction may be granted, in an action for damages for breach of the covenants of a lease, where the complaint shows no demand for injunction restraining the foreclosure of a mortgage on the furniture securing the payment of the rent, such an injunction is not warranted.

2. SAME—ACTS AFFECTING SUBJECT OF ACTION.

Under Code Civ. Proc. § 604, authorizing an injunction in an action where it appears defendant threatens to remove his property with intent to defraud plaintiff, in an action for damages for breach of the express covenants of a lease, where it does not appear that defendant threatens to dispose of his property to defraud plaintiff, an injunction restraining the foreclosure of a mortgage on furniture given to secure payment of the rent is not authorized.

Appeal from Special Term, New York County.

Action by Bertha Leonard against Caroline Schmidt and another. From an order enjoining defendant Kreshover from foreclosing a chattel mortgage, he appeals.   Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Louis Zinke, for appellant.
George J. Kilgen, for respondent.

CLARKE, J.  The complaint alleges that the plaintiff entered into a lease in writing with the defendant Schmidt, whereby she hired for the term of three years from October 1, 1902, a certain apartment house in this city at an annual rent of $5,000; that by the terms of said lease the landlord was to make all necessary repairs and decorate each flat or apartment at least once during said term, furnish a sufficiency of hot water and steam heat, and a janitor satisfactory to the plaintiff, all of which the defendants failed to do; that by reason of the failure of defendants to do and perform the terms and conditions of said lease, she was unable to rent said apartments to advantage and could not keep tenants when she got them; that on the 25th of May, 1904, the defendant conveyed the premises to the defendant

Youghem, and that on August 1, 1905, Youghem conveyed to the defendant Kreshover, who ever since was and now is the owner and in the possession of said premises. She further alleges that on the 1st day of August, 1905, she vacated and surrendered seven of the apartments in said premises, and on the 1st of September she vacated the remainder of said premises, for the reason that said flats and apartments were unfit for use and occupancy and were not tenantable or inhabitable; that she has paid the defendants the rent for each and every month, except for the months of August and September, having paid in all $14,250; that by the failure of the defendants to keep and perform all that was required to be done by them by the terms of said lease she was damaged in the sum of $1,000, and demands judgment therefor. This is a simple action at law to recover damages for a breach of the covenants of a lease. In the moving affidavit she alleged, further, that at the time of the making of said lease she gave a chattel mortgage on all the furniture in said premises to secure the payment of the rent, which by mesne assignments was assigned to the present owner of the premises (Kreshover), which mortgage he threatens to foreclose for the failure and refusal of the plaintiff to pay the rent for the months of August and September; that all of said furniture was removed from said premises, and if the defendant Kreshover be not restrained and be permitted to carry out his threat to foreclose said chattel mortgage and sell the property covered by the same, it would work a hardship and injury to this plaintiff and leave only a doubtful security for her relief; and asked for an injunction pendente lite. The order made on said papers and now at bar provided:

"Ordered that the defendant Kreshover, his attorneys and all other persons, be, and they hereby are, enjoined from taking any steps to foreclose said chattel mortgage and from proceeding to collect any rent under the lease above referred to of the premises aforesaid."

This appears to be a permanent injunction. No security whatever was required or furnished. In an action at law to recover damages for the breach of the covenants of a lease, the court without a trial has made a permanent injunction restraining the foreclosure of a chattel mortgage not alluded to in the complaint. The authority to make this order is clearly not given by section 603 of the Code of Civil Procedure:

"Where it appears from the complaint that the plaintiff demands and is entitled to a judgment against the defendant restraining the commission or continuance of an act, the commission or continuance of which during the pendency of the action would produce injury to the plaintiff, an injunction order may be granted to restraint. The case provided for in this section is described in this act as a case where the right to an injunction depends upon the nature of the action."

The complaint shows no demand for injunctive relief preventing and restraining foreclosure, no continuance or commission of any act during the pendency of the action, no injury to the plaintiff, even assuming that such a foreclosure would take place, and no proof showing plaintiff entitled to an injunction. Therefore by the express provisions of the section it furnishes no authority for the order.

In Belasco v. Klaw, 98 App. Div. 74, 90 N. Y. Supp. 593, this court said:

"It is clear, therefore, that the injunction is not warranted under section 603 of the Code of Civil Procedure, because that section applies when the right to an injunction depends upon the nature of the action."

In Heine v. Rohner, 29 App. Div., at page 242, 51 N. Y. Supp., at page 429, we said:

"The question of the right to an injunction of this character depends upon the allegations of the complaint, and, unless it appears from the complaint that the plaintiff is entitled to the judgment of injunction, it cannot issue. Code Civ. Proc. § 603. It may all be very true that evidence may be offered in the shape of affidavits to support the allegations of the complaint; but, where the complaint itself shows no cause of action or right to relief, such right cannot be established by affidavit."

Nor do the provisions of section 604 cover the case. Subdivision 1 thereof does not apply, as it does not appear that the defendant procured or suffered to be done, or threatened or was about to do or procure or suffer to be done, an act during the pendency of the action "in violation of the plaintiff's rights respecting the subject of the action and tending to render the judgment ineffectual." The subject of the action was the right to recover damages for the breach of express covenants in a lease. Nor can subdivision 2 of said section apply; for it does not appear that the defendant threatens or is about to remove or to dispose of his property with intent to defraud the plaintiff. So that under neither section 603 nor section 604 does the complaint or the affidavit disclose any grounds for an injunction pendente lite, much less for a permanent injunction such as this is in terms. Further, section 620 provides that, where provision is not otherwise made by law, the plaintiff must give an undertaking. This has not been required.

The order must be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.