(60 Misc. Rep. 464.)

JOHNSON v. VICTORIA CHIEF COPPER MINING & SMELTING CO. et al.

(Supreme Court, Special Term, New York County. September, 1908.)

1. INJUNCTION (§ 136*)—TEMPORARY INJUNCTION—GROUNDS FOR.
     Under Code Civ. Proc. § 604, a temporary injunction can issue only where it appears from the complaint that plaintiff is entitled to a judgment restraining the commission or continuance of the act complained of, or where it appears by affidavit that defendant is doing an act respecting the subject of the action tending to render the judgment ineffectual.
     [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 305, 306; Dec, Dig. § 136.*]

2. ACTION (§ 69*)—STAY OF PROCEEDINGS.
     Prosecution of a suit pending in a foreign territory where two of the defendants reside, and affecting real estate therein, cannot be stayed on motion made in another suit, even though between the same parties.
     [Ed. Note.—For other cases, see Action, Cent. Dig. § 746; Dec. Dig. § 69.*]

See, also, 112 N. Y. Supp. 346.

Hornblower, Miller & Potter (Charles A. Boston, of counsel), for plaintiff.

M. E. Harby, for defendants Victoria Co., Hopper, Bigelow, and Dickinson.

ERLANGER, J. Plaintiff applies for an order enjoining, restraining and prohibiting the defendant Victoria Chief Copper Mining &

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Smelting Company, pending this suit, from further prosecuting the action instituted by it in the district court of the Third judicial district for the county of Sierra, territory of New Mexico, against William L. Johnson (plaintiff in this action), John Gardner, and Stephen J. Macy, therein named as defendants, the said Johnson and the said Gardner not having appeared in said suit nor submitted to jurisdiction of the court, nor been served with process therein within said jurisdiction. The present action is brought for a partnership accounting, the plaintiff claiming that he and defendants Hopper and Bigelow formed a copartnership for the acquisition and development of mining properties. Plaintiff contends that his former copartners transferred to a corporation, which they formed under the laws of Arizona, the said Victoria Company, a portion of the property affected by this suit. The property so transferred is located in New Mexico. After the commencement of this action plaintiff instituted proceedings in New Mexico against the said company and others, and therein sought, by means of a so-called ancillary bill of complaint, relief in aid of this action. Demurrers to that bill were sustained, and after the filing of an amended bill the suit was discontinued by order of court, without prejudice. Thereupon the Victoria Company commenced an action in New Mexico against this plaintiff, John Gardner, and Stephen J. Macy, the latter two being residents of said territory, the plaintiff being a resident of Kentucky. In the complaint filed by the Victoria Company it alleges its ownership of certain mining claims and real property located in said territory, and avers that the defendants in said suit made an adverse claim thereto, and it seeks to have its title forever quieted and set at rest. The plaintiff now makes this motion in this action to enjoin the prosecution of the New Mexico suit. No supplemental bill of complaint has been filed by the plaintiff herein in which injunctive relief is sought, but he seeks redress upon affidavits alone.

An injunction can only issue where it appears from the complaint that the plaintiff is entitled to a judgment restraining the commission or continuance of the act complained of, or where the defendant is doing an act respecting the subject of the action tending to render the judgment ineffectual. Code Civ. Proc. § 604.

The prosecution of an action pending in this state cannot be stayed on motion made in another suit, even though it be between the same parties. Belasco Co. v. Klaw, 98 App. Div. 74, 90 N. Y. Supp. 593; Gilroy v. Everson-Hickok Co., 120 App. Div. 207, 105 N. Y. Supp. 188; Leonard v. Schmidt, 109 App. Div. 549–551, 96 N. Y. Supp. 491. This doctrine should certainly be enforced where the suit sought to be enjoined is commenced in a foreign territory against defendants, two of whom reside there, and affecting real estate located there.

My attention is called by the plaintiff to the case of Locomobile Co. v. American Bridge Co., 80 App. Div. 44, 80 N. Y. Supp. 288, but that case was brought specifically for the purpose of enjoining a suit in a foreign state. He also relies on Julian v. Central Trust Co., 193 U. S. 93, 24 Sup. Ct. 399, 48 L. Ed. 629, and in that case it appears from the statement of the facts that a supplemental bill was filed for the purpose of securing an injunction. See page 112 of 193 U. S.,

page 399 of 24 Sup. Ct. (48 L. Ed. 629).   So in Prout v. Starr, 188 U. S. 537, 23 Sup. Ct. 398, 47 L. Ed. 584, a similar bill was filed, and the question came up on demurrer to the supplemental bill.   And likewise in Starr v. Chicago, etc., Co. (C. C.) 110 Fed. 3, a supplemental bill was filed under the principle sought to be invoked in this action. The defendants press upon the court the objection that this question be disposed of before the merits are considered.   I think the objection is well taken.   It becomes, therefore, unnecessary for me to pass upon the interesting propositions of law so exhaustively and ably argued.

Motion denied.