JOHNSON v. VICTORIA CHIEF COPPER MINING & SMELTING CO. et al.

(Supreme Court, Special Term, New York County.    December 1, 1909.)

1. JUDGMENT (§ 822*)—RES JUDICATA—CONCLUSIVENESS.

A decree in an action in New Mexico in a suit to quiet title to certain mining claims located there, in which defendant was served by publication, barring defendant from claiming any right or title to such claims, was a bar to a prior action by him in New York for specific performance of a contract by which the grantors of defendant corporation, which was the plaintiff in the suit in New Mexico, contracted to convey a certain undivided interest in the claims.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1496–1500; Dec. Dig. § 822.*]

2. CORPORATIONS (§ 665*)—ACTION AGAINST FOREIGN CORPORATION—NONRESIDENTS—JURISDICTION.

Code Civ. Proc. § 1780, provides that an action against a foreign corporation may be maintained by a nonresident only where the action is brought to recover damages for breach of a contract made in New York, or relating to property situated there at the time of the making thereof, or to recover real property situated in New York, or a chattel which is replevied there, or where the cause of action arose within the state, except where the object of the action is to affect the title to real property situated without the state. *Held*, that the Supreme Court of New York had no jurisdiction of a suit by a nonresident for specific performance of a contract to convey to complainant an interest in certain mining claims located in New Mexico, as against a foreign corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2600; Dec. Dig. § 665.*]

Action by William L. Johnson against the Victoria Chief Copper Mining & Smelting Company and others for specific performance. Dismissed for want of jurisdiction.

See, also, 60 Misc. Rep. 464, 467, 113 N. Y. Supp. 1021, 1023.

Hornblower, Miller & Potter (Charles A. Boston, of counsel), for plaintiff.

M. E. Harby, for defendant Victoria Chief Copper Mining & Smelting Co.

Chas. Benner, for defendants Macy & Gardner.

NEWBURGER, J.   This action was commenced by the plaintiff on or about May 17, 1907, and is brought to enforce a contract alleged to have been made between him and the defendant Hopper, whereby Hopper agreed to transfer a part of certain interests that he had in mining property in New Mexico.   In the year 1906 Hopper and the other defendant, Bigelow, organized the Victoria Chief Copper Mining & Smelting Company under the laws of Arizona, and conveyed to said company the mines and claims referred to in the complaint, situated in New Mexico.   The prayer in this complaint demands judgment directing Hopper and Bigelow to convey to the plaintiff one-third of said property, and the Victoria Company to account to the plaintiff for the profits realized by it from the operation of said prop-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

erty, and that said property be impressed with the trust in favor of plaintiff.

Subsequent to the commencement of this action, and on or about May 9, 1908, an action was instituted by the Victoria Company in the district court for the county of Sierra, territory of New Mexico, against the plaintiff and the defendants Gardner and Macy. In that action the complaint alleged that the plaintiff and the defendants Gardner and Macy claimed to have some adverse interest to the estate of the Victoria Company, and prayed that this plaintiff and the said defendants Gardner and Macy be barred and forever estopped in having or claiming any right or title to the said mining claims and real estate or any part thereof. Personal service of the summons in that action was made upon the defendant Macy, and service by publication upon the plaintiff, Johnson, and the defendant Gardner. Judgment was entered against the plaintiff, Johnson, and the defendants Macy and Gardner. By an order heretofore made certain issues of fact and law were directed to be tried prior to the trial of the other issues in this action, namely: (1) Whether or not the judgment alleged in the supplemental answer of the defendant Victoria Chief Copper Mining & Smelting Company was obtained, and the proceedings and things in such supplemental answer alleged occurred, as alleged; (2) whether or not the residence of the plaintiff was as alleged in said supplemental answer; (3) whether or not the laws alleged in said answer were in fact the laws of the territory of New Mexico; (4) whether or not said judgment is a bar to the prosecution of this action by the plaintiff against the Victoria Company; (5) whether or not this court has jurisdiction to grant any relief in this action to plaintiff.

These issues are the only ones submitted upon this trial. There can be no question that the judgment alleged in the supplemental answer of the defendant Victoria Chief Copper Mining & Smelting Company was obtained, and the proceedings and things set forth in such supplemental answer occurred, as alleged. A careful consideration of the testimony leads me to the conclusion that the plaintiff, Johnson, at the time such action was pending, was not a resident of New Mexico, but did reside in Louisville, county of Jefferson, state of Kentucky. I further find that the laws alleged in said answer were in fact the laws of the territory of New Mexico, and the judgment obtained in New Mexico is a bar to the prosecution of this action by the plaintiff against the Victoria Company. I am also of the opinion that this court has no jurisdiction of this cause of action, for the reason that at the time of the commencement of the action the plaintiff was and now is a resident of the state of Kentucky, the defendant is a corporation organized under the laws of Arizona, and the property sought to be effected is located in New Mexico. See section 1780, Code Civ. Proc.; Robinson v. Oceanic Steam Nav. Co., 112 N. Y. 315, 19 N. E. 625, 2 L. R. A. 636.

The motion to dismiss must therefore be granted. Submit findings.