STANNARD v. ATLANTIC TERRA COTTA CO.

(Supreme Court, Appellate Division, First Department. June 10, 1910.)

COUNTIES (§ 129*)—CONTRACT FOR ERECTION OF COURTHOUSE—REMEDIES—RELIEF IN EQUITY.

A contractor for a courthouse contracted with a subcontractor for the ornamental terra cotta for the building. The subcontractor breached his contract. The contractor completed the building, except for the terra cotta, and procured an acceptance of the building. The public officers who were not suable under the law retained a specified sum for the terra cotta work because of the existence of a dispute between the contractor and the subcontractor and because the contractor had filed a claim against the moneys in their hands. The contractor conceded that he owed the subcontractor more than the amount of the damages. *Held*, that the contractor was entitled to sue the subcontractor in equity to determine the rights of the parties in the sum retained by the public officers; his remedy at law being inadequate.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 197; Dec. Dig. § 129.*]

Ingraham, P. J., and Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Ambrose B. Stannard against the Atlantic Terra Cotta Company. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

See, also, 120 N. Y. Supp. 1147.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Graham Sumner, for appellant.

Roderic Wellman and Herbert C. Smyth, for respondent.

MILLER, J. The plaintiff made a contract with the Courthouse Commission of New Orleans, La., for the construction of a courthouse building, and subsequently entered into a contract with the Perth Amboy Terra Cotta Company, whereby the latter agreed to furnish and deliver the ornamental terra cotta for the building for the sum of $80,-000. That contract was assigned to, and its obligations were assumed by, the defendant. By reason of the defendant's breaches of the contract, the plaintiff was damaged in the sum of $32,000, and at the time of the commencement of the action the defendant had not completed its contract. The plaintiff has received from the Courthouse Commission, and paid to the defendant, the sum of $25,000 for the terra cotta, delivered by the defendant, leaving a balance unpaid on the contract of $55,000. The plaintiff has completed the building and performed his contract with the Courthouse Commission, except for the terra

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cotta yet to be delivered, and has procured an acceptance of the building; but the commission retains the $55,000 for terra cotta work for the reason that the dispute between the parties hereto has not been adjusted, and because the defendant has filed a claim or pretended lien against the moneys in their hands to the amount of $55,000. The said commission is a part of the state government of Louisiana, and under the laws of that state is a nonsuable body or board. It has declared its intention to retain said sum of $55,000 until the dispute between the parties to this action has been determined by judicial decree or by agreement. The complaint prays that the rights of the parties in and to the said sum of $55,000 in the hands of said commission be fixed and determined; that it be determined that the plaintiff is entitled to receive the said $55,000 and to retain therefrom the sum adjudged to be due him for damages occasioned by the defendant's breach of contract.

It might be possible to spell out of this complaint a cause of action at law; but the plaintiff seeks to sustain it only as an action in equity, and we shall, therefore, consider it only from that standpoint. The defendant asserts that a cause of action in equity is not stated for the reason that the plaintiff has an adequate remedy at law, and that a court of equity cannot render a decree which will have any practical effect.

It is difficult to see what remedy the plaintiff has at law. He would have an adequate remedy if he could sue the Courthouse Commission. The only action at law, which he has, is an action against the defendant for damages for its breach of contract; but the plaintiff concedes that he owes the defendant more than the amount of such damages. Such an action, therefore, would result in a judgment against the plaintiff for such excess, together with the costs of the action. To be sure, such an action would determine the amount of the damages which the plaintiff would have a right to offset against the sum owing the defendant. But no one should be compelled to resort to an action in which costs are sure to be imposed upon him.

It is true that the judgment in this action will not legally be binding upon the said commission; but presumably that commission, being a branch of the state government, will respect a decree determining the rights of the parties. The obligation of the commission to pay is a moral obligation, precisely as its obligation to recognize such a decree would be a moral obligation. The commission is in the position of a stakeholder. It cannot be compelled by legal process to pay, but it recognizes its moral obligation and is willing to pay whenever the dispute between the parties can be resolved. The fact that the fund is not within the jurisdiction of the court is of no consequence. The binding effect of the decree would be no greater if the fund were within the state of New York. The court has jurisdiction of the parties. While it cannot directly reach the fund or by legal process compel the stakeholder to pay it over, it can determine the rights of the parties, and by a judgment in personam compel them to execute assignments either to an officer of the court or to each other, which presumably the commission will recognize, though not legally bound to do so. The jurisdiction of equity to render decrees in personam, the direct

result of which may be even to transfer the title to land beyond the jurisdiction of the court, is well settled. Many cases on that head were cited by Cullen, J., in Chase v. Knickerbocker Phosphate Company, 32 App. Div. 400, 53 N. Y. Supp. 220. While such jurisdiction is exercised only in cases of contract, of fraud, or of trust, that limitation does not necessarily apply to a case like this. The reason for the exercise of jurisdiction in this case is that the fund cannot be reached by legal process, that the holder of it will presumably pay it over to the one adjudged to be entitled to it, but refuses to make any payment at all until the rights of the parties are adjudicated. There is no reason why residents of this state should be remitted to the courts of a distant state to settle disputes which can be as effectually settled here, and equity should not refuse to entertain jurisdiction on the ground that the plaintiff can, by paying costs, have his dispute with the defendant settled in a suit at law.

The judgment should be affirmed, with costs, with leave to the defendant to withdraw demurrer and to answer on payment of costs in this court and in the court below.

CLARKE, and SCOTT, JJ., concur.

INGRAHAM, P. J. (dissenting). The complaint alleges that the plaintiff and the defendant entered into a contract, whereby the defendant was to furnish certain terra cotta to be used in the erection of a courthouse in New Orleans, La., and the plaintiff was to pay to the defendant $80,000. The plaintiff paid the defendant $25,000, leaving a balance due of $55,000; the plaintiff thus conceding that he owes the defendant $55,000. He then alleges that the defendant neglected to perform the contract, in that he did not complete the delivery of the terra cotta within the period limited thereby, and has not up to the time of the commencement of the action delivered all the terra cotta required to complete the building and other particulars which it is claimed constituted a breach of the contract. It is then alleged that by reason of these acts and omissions of the defendant the plaintiff sustained damage in the sum of $32,000.

It is quite apparent, therefore, that the plaintiff is indebted to the defendant in the sum of $23,000. He then alleges that this courthouse has been accepted by the Courthouse Commission who had charge of building it, but the Courthouse Commission has refused to pay the plaintiff this sum of $55,000 for the terra cotta work under its contract, but retains this sum of $55,000 for the reason that the defendant has refused to adjust the plaintiff's claim of damages, or to allow the plaintiff any part of the loss sustained by him as aforesaid, and has filed a claim and lien against the Courthouse Commission and moneys in their hands of the amount of $55,000 retained by said Courthouse Commission on account of the terra cotta work, and has demanded payment thereof. The complaint then alleges that the Courthouse Commission is a subdivision or a part of the state government of the state of Louisiana and is a nonsuable body or board under the laws of that state, and the defendant is unable, therefore, to maintain a suit or action in the courts of that state against said commission to

recover said moneys unpaid under his aforesaid contract, and said commission has refused to pay the plaintiff the aforesaid $55,000.

. It is impossible for me to see under what head of equity jurisprudence there is a cause of action in favor of the plaintiff. There is no fund in court or under the control of the court over which equity could assume jurisdiction and determine its ownership. No accounting is asked for or could be required. The plaintiff has a remedy at law to recover the amount of his damages, if any, sustained by the defendant's breach of the contract, and, while it might be that the defendant could set up a counterclaim to recover the $55,000 due him under the contract, still, even if such a counterclaim was interposed, the parties could settle their differences, and such a judgment would follow as the proof justified. No case is cited in which any court of equity has ever entertained such a cause of action. It is true that equity takes jurisdiction in case of trust or fraud, but no trust or fraud is alleged. The fact is admitted that the plaintiff is indebted to the defendant; that he has not paid his debt, and, because he has not paid his debt, the plaintiff cannot claim the money from the state of Louisiana, and, therefore, he comes into court and asks the court to ascertain how much he owes the defendant. It seems to me to be entirely outside of any jurisdiction ever assumed by a court of equity.

The judgment demanded is suggestive: First, they ask the court to determine that the plaintiff is entitled to recover of the defendant the sum of $32,000, with interest from the commencement of the action as damages for a breach of contract, an action of which equity has no cognizance. Second, that the plaintiff is entitled to recover from the Courthouse Commission payment in full of the sum of $55,000 retained by it on account of terra cotta work. The Courthouse Commission is not a party to the action and has not submitted to the jurisdiction of this court. It is certainly entirely immaterial as between the plaintiff and the defendant whether the Courthouse Commission is liable to the plaintiff or not. Third, that the plaintiff have and retain out of the said $55,000 payable by the said Courthouse Commission the sum alleged to be due him for his damages occasioned by the failure of the defendant to perform its contract. That is a mere claim at law against the defendant without any fact to justify a court of equity in taking jurisdiction. Fourth, that, upon receiving said $55,000 from the Courthouse Commission, the plaintiff pay to the defendant the difference between said sum and the amount adjudged to be due plaintiff for his damages aforesaid. By this it would appear that the plaintiff desires to obtain a judgment of a court of equity determining that the plaintiff is not compelled to pay to the defendant its contract price until it receives the amount of $55,000 from the Courthouse Commission. Certainly no facts are alleged in the complaint to justify such a determination. And, fifth, that the rights, shares, and interests of the plaintiff and the defendant in and to the $55,000 in the hands of said Courthouse Commission be fixed and determined. It is not alleged that the defendant has any interest in the same, has any lien upon that sum, and no fact is alleged to justify the court in settling the equities of the parties as to that sum, and no fact is alleged which gives the defend-

ant any equity in it; and the plaintiff further demands such further judgment or relief as may be just and equitable.

I am utterly at a loss to see any principle upon which any fact here stated gives any jurisdiction to a court of equity to determine any question as between the parties.

I think, therefore, that the judgment should be reversed, and the demurrer sustained.

LAUGHLIN, J. (dissenting).   I concur in the views expressed by Presiding Justice INGRAHAM, but I wish to make some further observations.

It is alleged in the complaint that, by virtue of the provisions of the contracts between the plaintiff and the defendant and between the plaintiff and the Courthouse Commission, the plaintiff is entitled to receive from the Courthouse Commission the moneys payable under the contract between him and the defendant, and is only obligated to pay the defendant after receiving his pay from the commission.   If the alleged lien filed by the defendant with the Courthouse Commission be valid, then it should be enforced in Louisiana.   If, however, the Courthouse Commission be, as alleged, a nonsuable body, it is difficult to see upon what theory the lien can be valid.   If no valid lien could be filed, and if, as alleged, the plaintiff is entitled to receive the moneys from the commission before he is obligated to pay the defendant, then the action of the Courthouse Commission in withholding the moneys due to the plaintiff would seem to be arbitrary, and there is no ground for an inference that it will pay the plaintiff after an adjudication between him and the defendant, which will not be binding on the commission.   That is one of the risks the plaintiff took in contracting with a nonsuable body, and it affords no ground for a court of equity to take jurisdiction of the controversy on the mere allegation of a cause of action at law in favor of the plaintiff and the admission of a cause of action at law in favor of the defendant against the plaintiff.   On the allegations of the complaint neither party has an equitable cause of action against the other or to recover the moneys due from the commission.   The complaint is not framed upon the theory that the plaintiff is entitled to have the defendant assign to him its claim on being paid the amount to be found due on the trial, nor is such relief remanded; and it is unnecessary, therefore, to express an opinion as to whether or not the plaintiff might, on some other theory than that disclosed by his pleading, present a cause of action of which a court of equity would take cognizance.

I therefore vote for a reversal.