(68 Misc. Rep. 459.)

## GOLDIN v. TAUSTER.

(Supreme Court, Special Term, Kings County. July, 1910.)

INJUNCTION (§ 136*)—SCOPE OF RELIEF—PLEADING.

Where the complaint, in an action for deceit in representing the amount of business done in a drug store purchased of defendant, notes having been given in part consideration of the price, demands money damages only, and does not ask that the notes be canceled, plaintiff is not entitled to an injunction pendente lite restraining the negotiation of the notes, either under Code Civ. Proc. § 603, providing for an injunction where plaintiff demands and is entitled to a judgment against defendant, restraining the commission or continuance of an act, the commission or continuance of which during the pendency of the action would produce injury to plaintiff, or under section 604, subd. 1, allowing such relief where defendant procures or suffers, or threatens to procure or suffer, the doing of an act during pendency of the action in violation of plaintiff's right respecting the subject of the action and tending to render the judgment ineffectual.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 305, 306; Dec. Dig. § 136.*]

Action by Jennie K. Goldin against Mayer H. Tauster. On motion for an injunction pendente lite. Motion denied.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Max E. Lehman, for the motion.
John L. Bernstein, opposed.

KAPPER, J.   Plaintiff bought the defendant's drug store, giving him in part payment of the consideration several promissory notes. Plaintiff claims that the defendant was guilty of deceit in representing the amount of business done in the store, and has brought an action for damages for such alleged deceit.   Plaintiff now moves for an injunction pendente lite to restrain the defendant from negotiating the notes.   The complaint does not ask for a delivery up and cancellation of the notes, but confines itself in the prayer for relief to money damages.

It is clear that section 603 of the Code of Civil Procedure, which provides for an injunction order "where it appears from the complaint, that the plaintiff demands and is entitled to a judgment against the defendant, restraining the commission or continuance of an act, the commission or continuance of which during the pendency of the action, would produce injury to the plaintiff," does not apply.   Nor do the provisions of subdivision 1 of section 604 of the Code cover the case.   That section is to be applied only where the defendant procures or suffers, or threatens to procure or suffer, the doing of an act during the pendency of the action "in violation of the plaintiff's rights respecting the subject of the action and tending to render the judgment ineffectual."

The subject of the action here is the claim of the right to recover damages for deceit; and, although the defendant may negotiate the notes during the pendency of the action, the plaintiff in the form in which this action is presented cannot enjoin such negotiation, as violating the plaintiff's rights respecting the subject of the action, any more than she could have enjoined the use of the money by the defendant, had the consideration paid upon her purchase of the drug store been in cash, in lieu of the notes.   The "violation of the plaintiff's rights respecting the subject of the action and tending to render the judgment ineffectual," within the meaning of subdivision 1 of section 604 of the Code, is not to be predicated of the fact that the plaintiff gave the defendant negotiable paper as a part consideration of her purchase, where the only "subject of the action" is a claim for damages for deceit in the sale of the property.   See Leonard v. Schmidt, 109 App. Div. 549, 96 N. Y. Supp. 491.

The motion must be denied.

Motion denied.