INDESTRUCTIBLE METAL PRODUCTS Co., INC., Respondent,
. *v.* JOSEPH SUMMERGRADE, Appellant.

First Department, June 3, 1921.

**Trial — motion in Supreme Court action for sum of money only
to stay trial of action in Municipal Court of City of New York
between same parties and involving same subject-matter — order
which does not provide for undertaking under Code of Civil
Procedure, § 611, is improper — order cannot be made in one
action staying trial of another action — remedy is by action for
injunction.**

In an action in the Supreme Court in which the plaintiff demands a money
judgment only and seeks no injunctive or other relief, an order granting
plaintiff's motion to stay the trial of an action brought by the defendant
in the Municipal Court in the City of New York upon the ground that
the present action was begun prior to the Municipal Court action and
involves the same subject-matter must be reversed for two reasons:
*First,* that it contains no provision requiring the plaintiff to execute an
undertaking as provided in section 611 of the Code of Civil Procedure;
and *second,* that the plaintiff cannot upon motion made in one action
obtain an order staying the trial of another action; his remedy is to
bring an action for an injunction.

APPEAL by the defendant, Joseph Summergrade, from an
order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of
New York on the 17th day of February, 1921, granting
plaintiff's motion to stay the trial of an action brought by
the defendant in the Municipal Court of the City of New York
Borough of Manhattan, First District, upon the ground that
this. action was begun prior to the Municipal Court action
and involved the same subject-matter.

*Copal Mintz* of counsel [*Israel N. Thurman,* attorney], for
the appellant.

*Emanuel Sustick* of counsel [*Bernard Fliashnick,* attorney],
for the respondent.

GREENBAUM, J.:

This is an action at law in which the plaintiff demands a money judgment only and seeks no injunctive or other relief. Although the order appealed from provides that the " defendant, his attorney or agent, be and they are hereby stayed from proceeding with the trial of the action commenced by the said defendant against the plaintiff herein in the Municipal Court, Borough of Manhattan, First District," it is in effect an injunction granted in one action to stay the trial of another action between the same parties.

The order must be reversed for two reasons: *First,* that it contains no provision requiring the plaintiff to execute an undertaking as provided in section 611 of the Code of Civil Procedure; and *secondly,* that although a party seeking to stay a trial may move in the action sought to be stayed without giving security as required by section 611 of the Code, he cannot upon motion made in one action obtain an order staying the trial of another action. His remedy in the latter case is to bring an action for injunction. This has been held in numerous cases.

In *Belasco Co.* v. *Klaw* (98 App. Div. 74) the court said: " The inherent power of the court to stay proceedings or control the trial of an action is one which must be exercised in the action itself, and where it is sought to enjoin parties from proceeding in another action such relief must be by injunction in an action where by formal prayer it is demanded." (Code Civ. Proc. § 611.)

The opinion in *Grammer* v. *Greenbaum* (146 App. Div. 3) reads in part as follows: " This court has several times said that the trial of an action cannot be stayed in this way. The power of the court to stay proceedings or control the trial of an action is one which must be exercised in the action itself (*Raymore Realty Co.* v. *Pfotenhauer-Nesbit Co.,* 139 App. Div. 126; *North Central Realty Co.* v. *Blackman,* 145 id. 199), and where it is sought to enjoin parties from proceeding in another action, such relief must be by injunction in an action where such relief is demanded in the complaint. (*Belasco Co.* v. *Klaw,* 98 App. Div. 74; *Webster* v. *Columbian National Life Ins. Co.,* 131 id. 837; affd., 196 N. Y. 523.) Under the authorities cited the court could not, by an order in this

action, stay the trial of the City Court action. Nor could it enjoin the prosecution of that action by an order in this, because no such relief is demanded in the complaint."

The order must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.