## Third Department, October, 1941.
### (October 1, 1941.)

Mildred M. Roland and Timothy E. Roland, Jr., Appellants, *v.* Adirondack National Bank and Trust Company, Respondent, Impleaded with Paul E. McCarthy and Others, Defendants.

Appeal by the plaintiffs from an order of the Supreme Court, entered in the Franklin county clerk's office on May 8, 1941, as resettled by an order entered on July 24, 1941, and also an appeal by the plaintiffs from an order entered in the Warren county clerk's office on May 5, 1941. The first order denied plaintiffs' motion to stay the respondent from proceeding with an accounting proceeding in the Surrogate's Court of Franklin county. The second order changed the place of trial from the county of Warren to the county of Franklin.

The action seeks the removal of the defendant bank as testamentary trustee, the appointment of a successor, an accounting, certain surcharges and the annulment and cancellation of record of a deed of real property and a direction that the respondent be required to accept from its successor a deed of the property to itself individually without compensation, together with such other relief as may be equitable. The real property is located in Franklin county and the place of trial was changed from Warren county to Franklin county on the ground that Franklin county was the proper venue. Service of the summons in the instant action was completed before service of the citation in the accounting proceeding in the Surrogate's Court of Franklin county was obtained, although the petition therefor was filed before the completion of the service of the summons in the action.

Order changing the place of trial affirmed, without costs. Order denying stay reversed on the law and facts and motion for stay granted, without costs.

Hill, P. J., Crapser, Bliss and Foster, JJ., concur; Schenck, J., dissents with an opinion.

Schenck, J. (dissenting). The respondent Adirondack National Bank and Trust Company, on October 26, 1940, filed a petition in the Surrogate's Court of Franklin county for a judicial settlement of its account and for leave to resign as trustee of the estate of Sophie L. McCarthy, deceased. The account was filed on November 28, 1940, and on December 3, 1940, a citation was issued by the surrogate directed to the plaintiffs herein. Over two months later, on February 24, 1941, the plaintiffs commenced action in the Supreme Court seeking various forms of equitable relief, including the removal of the defendant bank as trustee, the appointment of a successor trustee, a compulsory accounting, and the surcharging of the defendant bank for alleged mismanagment of the trust estate. Subsequently, the plaintiffs, by a motion in the Supreme Court action, sought a stay of the proceeding before the surrogate and now appeal to this court from the denial of that motion.

Although the merits of the controversy are not before the court on this appeal, it is apparent from an examination of the complaint that no special facts or circumstances exist which should induce this court to oust the surrogate of jurisdiction. The surrogate has ample power to determine all the issues raised by the plaintiffs in the Supreme Court action under the broad jurisdiction conferred upon him by sections 40 and 99 of the Surrogate's Court Act. Section 40, in addition to broad

enumerated powers, including the power to direct the disposition of real and personal property, declares that the surrogate has jurisdiction " to administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable arising between any or all of the parties to any proceeding * * * as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter * * *."

It is a familiar principle of law that where two tribunals have equal jurisdiction the case should be retained and disposed of in the forum where judicial action was first sought or where jurisdiction was first obtained. (4 Heaton on Surrogates' Courts [5th ed.], § 435, p. 30; *Ludwig* v. *Bungart*, 48 App. Div. 613; *Schuehle* v. *Reiman*, 86 N. Y. 270; *Garlock* v. *Vandevort*, 128 id. 374.)

It is equally well settled that the Supreme Court should not accept jurisdiction of a matter which may properly be determined by the surrogate. (*Doscher* v. *Murphy*, 261 App. Div. 263; *Noll* v. *Ruprecht*, 256 id. 926; affd., 282 N. Y. 598; *Moore* v. *DeGroote*, 158 App. Div. 828; 4 Heaton on Surrogates' Courts [5th ed.], § 435, p. 29.)

I am unwilling to hold that the court below abused its discretion by denying the plaintiffs' application to stay the proceeding in the Surrogate's Court under such circumstances.

Nowhere in the complaint do the plaintiffs ask for an injunction to restrain the prosecution of the proceeding before the surrogate. The plaintiffs sought a stay, not by moving in the Surrogate's Court, where the proceeding sought to be stayed was pending, but by making application for a stay in the Supreme Court action. In *Belasco Co.* v. *Klaw* (98 App. Div. 74) the court held: " The inherent power of the court to stay proceedings or control the trial of an action is one which must be exercised in the action itself, and where it is sought to enjoin parties from proceeding in another action such relief must be by injunction in an action where by formal prayer it is demanded."

This principle has been consistently followed. (*Indestructible Metal P. Co., Inc.*, v. *Summergrade*, 197 App. Div. 199, 200; *Tauszig* v. *Tauszig*, 226 id. 759; *Thorne* v. *Thorne*, 203 id. 786; *Grammer* v. *Greenbaum*, 146 id. 3.)

It is not claimed that this court has original jurisdiction to stay the proceeding before the surrogate and no application for such relief has been made. No case for the exercise of appellate jurisdiction is presented, for by reversal of the order appealed from, the Supreme Court would be ordered to stay a proceeding in an independent tribunal despite the fact that it had no jurisdiction to stay such proceeding in the first instance. This court has appellate jurisdiction to stay a proceeding before the surrogate only (1) upon an appeal from a decree of the surrogate, or (2) upon an appeal from an order of the Supreme Court granting or denying a motion for an injunction, in which event the order would be an injunction rather than a stay. To justify the issuance of an injunction the plaintiffs must allege in their complaint and establish to the satisfaction of the court facts and circumstances which show the necessity for injunctive relief. No such facts are alleged, nor is injunctive relief prayed for in the complaint in this case.

The rule laid down in *Belasco Co.* v. *Klaw* (*supra*) is not a mere technicality of procedure. It is based upon a sound regard for orderly procedure arising from the necessity of avoiding conflicts between tribunals having concurrent juris-

diction. The fundamental necessity for strict adherence to this procedure will be more apparent if we view this case in the light of an assumption that the Supreme Court action had been instituted in New York county. Under such circumstances, it is clear that neither the Supreme Court of New York county nor the Appellate Division of the First Department could, with propriety, stay a proceeding before the surrogate of Franklin county.

The orders appealed from should be affirmed.