James A. Roe, Jr., J.
The plaintiff and the defendants contracted in July, 1961 for the transfer of a dwelling to the plaintiff-purchaser and for an assignment of the lease thereto. The purchase price was $8,000, $4,000 of which was by promissory notes executed and delivered by the plaintiff to the defendants.
Plaintiff has now brought an action to recover damages by reason of certain conditions and defects allegedly violative of *482 the agreement and of ordinances therein referred to and to be relieved from the payment of any further sums in satisfaction of the presently unpaid promissory notes and to enjoin the defendants from negotiating, transferring, assigning or otherwise disposing thereof.
The plaintiff now moves for a temporary injunction restraining, pending the determination of the action, the collection of the unpaid promissory notes or their assignment or transfer.
It is apparent from the complaint and from the supporting affidavit that the theory of the plaintiff’s action is to affirm the contract and to recover as damages the cost of remedying the alleged defects and violations. He states on page 3 of his affidavit that he is making arrangements for the foregoing by financing the cost thereof but that he “ cannot pay the installments for such repairs and installations and continue to maintain * * * payments to the defendants at the same time
This court is of the opinion that this is not a case for the drastic remedy herein sought either under section 877 or section 878 of the Civil Practice Act. (Babho Realty Co. v. Feffer, 230 App. Div. 866.) In the form in which this action was brought, the plaintiff cannot obtain the temporary injunction he seeks any more than he could have obtained an injunction restraining the use of the money by the defendants had the full consideration been paid in cash in lieu of the notes. (Goldin v. Tauster, 68 Misc. 459, 460.)
Accordingly, the motion is denied.
There should, however, be an early trial. The plaintiff may place this case upon the calendar for trial on a day certain, subject to the approval of the Justice presiding, as soon as issue has been joined by the service of an answer.