■ PINELAWN CEMETERY, Appellant, v ANTHONY CESARE, as Receiver of Taxes for the Town of Babylon, et al., Respondents.—In an action *inter alia* to declare that plaintiff's property utilized or held for cemetery purposes is exempt from real property taxes, plaintiff appeals from so much of an order of the Supreme Court, Suffolk County, entered October 5, 1973, as, in granting plaintiff's motion for a preliminary injunction, enjoined plaintiff *pendente lite* from further development for cemetery purposes of certain of its property. Order reversed insofar as appealed from, with $20 costs and disbursements to plaintiff. CPLR 6301 limits the granting of the extraordinary relief of a preliminary injunction to situations wherein the party moving therefor establishes that his adversary is about to render any final judgment procured in the pending action ineffectual or is about to perform some act which will cause him injury. In addition, CPLR 6311 (subd 1) provides that "A preliminary injunction may be granted only upon notice". Defendants (here deemed plaintiffs for purposes of the application of CPLR article 63 by virtue of the counterclaim interposed by them [see CPLR 6001]) failed formally to move or cross-move at Special Term for the relief granted to them. Accordingly, Special Term was without authority to grant such relief. We have not reached the merits of defendants' contentions. Hopkins, Acting P. J., Cohalan, Brennan and Shapiro, JJ., concur; Munder, J., dissents and votes to affirm the order insofar as it is appealed from, with the following memorandum: I think the course followed by Special Term wise and proper. It granted the preliminary injunction sought by plaintiff, thereby preventing any sale of the property during the pendency of the action, and, in addition, in order to maintain the *status quo,* enjoined plaintiff from further developing the property during that same period. The order thus made I consider to be within the "inherent power of the court to stay proceedings or control the trial of an action" *(David Belasco Co. v Klaw,* 98 App Div 74, 75; see 2A Weinstein-Korn-Miller, NY Civ Prac, par 2201.01; see, also, CPLR 2201). Moreover, I cannot agree with the majority that defendants' failure to make a "formal" motion or cross motion is dispositive. The record shows that in an affidavit by assistant Town Attorney Barton in opposition to plaintiff's motion for the preliminary injunction, Special Term was specifically requested to "issue an order, pursuant to Section 6301 of the Civil Practice Law and Rules, directing that the plaintiff * * * be preliminarily, perpetually and permanently enjoined from using [the] property * * * for burial of the human dead, or for any other cemetery purposes". When, as in the instant case, a motion has been made by either party for temporary injunctive relief, there is nothing in the language of CPLR 6311 which requires a cross motion to be made by formal notice of motion. What is required is that notice be given of the cross application for a temporary injunction; here such notice was given in Barton's affirmation in opposition to the original motion. Counsel for plaintiff submitted an affidavit in reply to Barton's affidavit. Therefore there can be no claim that notice was not received. Thus, whether the stay of plaintiff was granted

pursuant to the court's inherent power to control an action or pursuant to CPLR 6301, the order should be permitted to stand in its entirety in order to avoid any act which might render the eventual judgment ineffectual.