MARY WINBUSH, Individually and as Administratrix of the Estate of VIOLA WINBUSH, Deceased, et al., Respondents, v. CITY OF MOUNT VERNON, Appellant, et al., Defendants.— In an action to recover damages for personal injuries and for wrongful death, defendant City of Mount Vernon appeals from an order denying its motion to dismiss the first and third causes of action alleged in the complaint for insufficiency under rule 106 of the Rules of Civil Practice and granting plaintiffs' cross motion to amend a notice of claim. Order modified on the law by striking the ordering paragraphs therefrom and by substituting in lieu thereof provisions granting the motion to dismiss as to the first cause of action and granting the motion to amend the notice of claim so as to include the name and address of the public administrator, and as so modified order affirmed, without costs. The notice as served stated it was on behalf of the female plaintiff and on behalf of next of kin, who were named, and of administrators of the three deceased persons. The administrators were not named. In fact, the public administrator only had been appointed administrator of the estate of the two infants. Subsequently the individual plaintiff was appointed administratrix of the estate of the mother of the infants. While section 50-e of the General Municipal Law permits a notice of claim to be served on behalf of a claimant (*Matter of Figueroa* v. *City of New York,* 279 App. Div. 771), the claimant must exist when the notice is served (*Crapo* v. *City of Syracuse,* 183 N. Y. 395; *Matter of Mulligan* v. *County of Westchester,* 272 App. Div. 927). Therefore, so far as the notice was intended to be on behalf of an administrator to be appointed, it was a nullity. Discretion was not abused in permitting the amendment of the notice to give the name and address of the public administrator who had been appointed. Adel, Acting P. J., Wenzel and MacCrate, JJ., concur; Schmidt and Beldock, JJ., dissent and vote to affirm the order, without modification, with the following memorandum: Notice of the claim for wrongful death of the adult was served by her sister (later appointed administratrix of

the estate and within the time and in the manner prescribed by statute). While only the administratrix could bring this action, the notice of claim could be served by any one in behalf of the decedent's estate, whether authorized or unauthorized. (*Matter of Figueroa* v. *City of New York,* 279 App. Div. 771.) The notice served fulfilled all the statutory purposes, enabling the city to make an early investigation and to marshal evidence promptly at a time when it is possible to do so. (*Matter of Brown* v. *Board of Trustees, Hamptonburg School Dist.,* 303 N. Y. 484.) Under subdivision 6 of section 50-e of the General Municipal Law, the amendment allowed was proper and there was no abuse of discretion. (*Matter of Charlemagne* v. *City of New York,* 277 App. Div. 689, affd. 302 N. Y. 871.)