STEWART OIL COMPANY, a corporation; Michigan Oil Company, a corporation; Stewart Producers, Inc., a corporation; Kenneth Patterson; G. F. Stewart; W. Rolland Stewart; Frank J. Tiernan; and Morris Yarbrove, Plaintiffs,

v.

SOHIO PETROLEUM COMPANY, a corporation, Defendant and Counterclaimant,

v.

Walter E. KLINE, Stella P. Kline, R. E. Hayes, Carl E. Moses, David R. Stewart, W. T. Frederking, A. P. Wagemann, John J. Steiner, Josephine M. Steiner, and Donk Bros. Coal and Coke Company, Counterdefendants.

Civ. A. No. 3821.

United States District Court
E. D. Illinois.

Aug. 3, 1960.

Tom E. Grace, Mattoon, Ill., Wham & Wham, Centralia, Ill., for plaintiffs.

Craig & Craig, Mt. Vernon, Ill., for defendant.

L. C. Combe, Greenville, Ill., Ryan & Heller, Mattoon, Ill., for counterdefendants, Walter E. Kline, Stella P. Kline, R. E. Hayes, W. T. Frederking and A. P. Wagemann.

John J. Yelvington, Mattoon, Ill., for counterdefendants, David R. Stewart and Carl E. Moses.

Walker & Williams, East St. Louis, Ill., for counterdefendants Donk Bros. Coal & Coke Co.

JUERGENS, District Judge.

Plaintiffs filed suit demanding proceeds from the sale of oil produced from lands to which they claim oil and gas rights. The original defendant filed an interpleader action because of disputed claims to the proceeds between the plaintiffs and other parties.

The original defendant has tendered $100,156.04 to the Clerk of this Court, alleging possession but not legal ownership thereof, and asks the Court to determine the party or parties entitled thereto.

The interpleader action prays the determination of ownership not only as to the funds paid into court but also ownership to proceeds from the sale of oil and gas to be produced from the disputed lands in the future.

Counterclaimants have been brought into the action and have filed claims to the funds presently in the court and funds which may accrue in the future.

The interpleaded funds are proceeds of oil produced and marketed by plaintiffs from land lying outside the Eastern District of Illinois in Bond County, Illinois.

On the eve of trial the counterdefendants, Walter E. Kline, Stella P. Kline, R. E. Hayes, W. T. Frederking, and A. P. Wagemann, filed their motion to dismiss for the following reasons:

1. That the Court lacks jurisdiction of the persons and subject matter in this action because the principal question involved is a local action to try title of land lying outside the territorial limits and jurisdiction of this Court.

2. That there is not proper diversity of citizenship between the parties.

3. That there is an action awaiting trial in the Circuit Court of Bond County, Illinois, which involves substantially identical issues as this case.

█ An examination of the pleadings discloses that the action awaiting trial in Bond County, Illinois, does not involve the title to the land here in dispute nor the parties in this action. Accordingly, the reason for dismissal set forth in number 3 above is without merit.

The brief of counterdefendants, Walter E. Kline, Stella P. Kline, R. E. Hayes, W. T. Frederking, and A. P. Wagemann, asserts that this Court does in fact have jurisdiction over the interpleader action, thereby apparently waiving the grounds in support of their dismissal as set forth in paragraph numbered 2 above. Notwithstanding this apparent waiver, the Court finds that diversity of citizenship exists.

The assertion that this Court lacks jurisdiction of the subject matter be-

cause the principal question involved is a local action to try title to land lying outside the territorial limits and jurisdiction of this Court will next be considered.

 Whatever may be the extent of the jurisdiction of the lower federal courts over the subject matter of a suit with respect to persons and property, it is, in the absence of express authority by act of congress, confined to the territorial limits of the district within which the court sits. Accordingly, although a lower federal court may in the exercise of its equity powers, and acting in personam, control the acts of persons over whom it has acquired jurisdiction, outside of its territorial jurisdiction, as for instance by compelling a conveyance of lands in another state by a decree in personam against the party who holds the title, it has no jurisdiction to transfer the title to such lands by a sale and conveyance made through its master or commissioner. 35 C.J.S. Federal Courts § 16, p. 811.

 Here there can be no question as to the federal court's jurisdiction in the interpleader action or as to this Court's actual possession of the property with respect to which it is called upon to adjudicate title, namely, the proceeds of the royalty payments deposited in the registry. The Court's jurisdiction is not affected by the circumstance that the funds in the registry possess the legal character of proceeds derived from the sale of interests in realty or by the fact that title to those funds is to be determined in accordance with the state law. Hickok v. Gulf Oil Corporation, 6 Cir., 1959, 265 F.2d 798.

It cannot be successfully disputed that this Court has jurisdiction over the proceeds of the funds deposited in this Court. The only point upon which jurisdiction of this Court may be challenged is premised on the fact that the Court is asked to determine ownership of future funds which may be derived from the sale of oil and gas produced from land lying outside the territorial limits of the district.

It is counterclaimants' assertion that in this action the Court must determine title to lands lying outside the territorial limits of the district and therefore, the action is local and must be brought within the district where the land is located.

 Whether a cause of action involving land is local or transitory depends upon the law of the state wherein the land is situated. Kentucky Coal Lands Co. v. Mineral Development Co., 6 Cir., 191 F. 899.

Section 7 of Chapter 110, Illinois Revised Statutes, provides in pertinent parts as follows:

"§ 7. Venue— * * *

"(2) Any action to quiet title to real estate, or to partition or recover possession thereof or to foreclose a mortgage or other lien thereon, must be brought in the county in which the real estate or some part of it is situated."

 At the start of this action there may have been grave doubt as to whether this Court was the proper venue for this cause. When the defendants entered their unlimited appearance, any questions of venue which may have been raised were waived and consequently are not now open to consideration by the Court.

In Bevans v. Murray, 251 Ill. 603, 96 N.E. 546, 554, the Illinois Supreme Court had before it a question somewhat akin to the question here presented, wherein it was asserted that the lower court lacked jurisdiction to enter a decree construing deeds to land, some of which was located in the State of Indiana. The Court quoted from Enos v. Hunter, 4 Gilman, Ill., 211, as follows:

" 'Where the relief sought could be effected by acting directly upon the person of the defendant, the court of chancery has never hesitated to entertain the bill where the defendant is found within its jurisdiction, whether the subject matter of the controversy be within its con-

trol or not. Of this character are those cases where the courts have compelled specific performances of contracts for the conveyance of or relating to land which is situate beyond its jurisdiction, and in such case the court will compel a conveyance to be executed in such manner and form as may be prescribed by the laws of the country where the land is situate, * * *'."

The court also quoted from Massie v. Watts, 6 Cranch 148, 3 L.Ed. 181, as follows:

" 'When the defendant is liable, either in consequence of a contract or as trustee or as holder of a legal title acquired by a species of mala fides practiced on the plaintiff, the principles of equity give a court jurisdiction wherever the person may be found; and the circumstance that a question of title may be involved in the inquiry, and may even constitute the essential point on which the case depends, does not seem sufficient to arrest the jurisdiction. * * * In case of fraud, of trust or of contract, the jurisdiction of a court of chancery is sustainable wherever the person is found, although lands not within the jurisdiction may be affected by the decree.' "

The court further stated that the concluding part of the above citation is not to be understood as authorizing a court of equity in any case to render a decree directly affecting land in another jurisdiction. The court further stated that the decree in such cases settles the rights of the parties before the court with respect to some contract, conveyance, trust or fraudulent conduct, and by attachment or other coercive means compels the offending party to comply with the requirements of the decree or simply declares the transaction complained of void and thereby removes the obstruction to the enforcement of his legal remedies.

In Blackhurst v. James, 304 Ill. 586, 136 N.E. 754, the appellants contended that the suit, insofar as it was sought to set aside deeds affecting land in counties outside the jurisdiction of the trial court, was improper and that the decree setting aside and canceling such deeds was a decree in rem, not in personam, and was therefore void. The court held that the decree setting aside the deeds was not void on the ground that the court did not have jurisdiction of the subject matter and that the requirement of the law that suits affecting land shall be brought in the county where it or some part of it is situated was not violated by the decree setting aside the deeds.

In their amended joint claim the counterdefendants, Walter E. Kline, Stella P. Kline, R. E. Hayes, W. T. Frederking, and A. P. Wagemann, assert that the oil and gas interest claimed by the plaintiffs was obtained through fraud or mistake by the plaintiffs' predecessors in title and ask for reformation of the deeds to properly reflect the interest which was intended to be conveyed. Thus, it appears that the claim of these counterdefendants is based on fraud or mistake and that any dispute which exists as concerns property rights to land located outside the territorial limits of the district is founded on such fraud or mistake.

In accordance with the above authority, it appears that Illinois law has established that such a cause of action so asserted is an action in personam and therefore transitory and may be brought wherever the parties may be found.

The Court finds that the cause here asserted may be brought in this district notwithstanding it may affect title to lands lying outside of this district.

This Court has jurisdiction to entertain the cause here asserted.