Jambs J. Cbisotta, J.
This is an action by the plaintiff, a vendor of plumbing materials, to restrain the defendant from selling any plumbing supplies bearing the trade name “ NAFCO ” and for an accounting of all profits realized by said defendant from the sales of plumbing supplies bearing such trade name.
By way of defense and counterclaim, the defendant seeks to recover damages in the sum of $20,000 on the ground that the plaintiff’s action ‘ ‘ is brought in bad faith and solely as the result of malice for the purpose of harassing the defendant and to cause it to sustain expense, annoyance and loss of time.”
The plaintiff has now moved to dismiss the counterclaim on the grounds of its insufficiency and prematurity, that it is not one which may be properly interposed in this action, and that insofar as the same matter is alleged by way of defense it is insufficient in law.
It is the position of the defendant that a motion under rule 109 of the Rules of Civil Practice, challenging the sufficiency of affirmative matter contained in an answer, searches the record and consequently the plaintiff’s complaint should be dismissed for insufficiency on the face thereof, since there is no allegation that the defendant misled others into thinking that they were purchasing from the plaintiff and that, in any event, the counterclaim sufficiently alleges a cause of action.
The court is of the opinion that the complaint is sufficient as a matter of pleading and that paragraph “ sixth ” adequately alleges that the use by the defendant of the trade name “ NAFCO ” actually has and still does mislead consumers “ to *170 buy the articles sold by the defendant in the belief that they are the articles sold by the plaintiff ”.
As for the counterclaim not being one which may properly be interposed in this action, our Appellate Division held, in Panzer v. Panzer (274 App. Div. 940): “ The sole test consonant with the purpose of a counterclaim should be whether or not the counterclaim can be conveniently and justly determined in connection with the plaintiff’s cause of action. (Second Annual Report of N. Y. Judicial Council, 1936, pp. 117, 123.) In this case even if it be assumed that the counterclaim does not meet the test, it is not required at this stage to dismiss the counterclaim and relegate the party to the bringing of a separate action. Under section 262 of the Civil Practice Act, the court may sever the causes and order separate trials or, if necessary, direct the priority of the trials.”
As for the basic attack of the plaintiff upon the defendant’s counterclaim and defense, it is “Hornbook” law in this State that to sustain a claim for malicious prosecution or malicious abuse of process it must be shown that the proceedings terminated in favor of the complaining party. (Hauser v. Bartow, 273 N. Y. 370.) No such showing is possible here, since the tort charged by the defendant in its counterclaim is predicated upon the prosecution of the very action which the plaintiff has here brought, which has not yet terminated in favor of the counterclaiming defendant. Thus the very foundation of the defendant’s right to sue for malicious prosecution or malicious abuse of process has not yet come into being. (Zinsser v. Slaughter, 81 N. Y. S. 2d 824.)
The defendant does not seriously question this but contends that its counterclaim is sufficient under the prima facie tort doctrine enunciated in such cases as Al Raschid v. News Syndicate Co. (265 N. Y. 1). Judge Lumbard in Friedman v. Roseth Corp. (74 N. Y. S. 2d 733, 736) noted, however, that in the Al Raschid case: “ the cause of action rested on alleged malicious representations which were separate and apart from any pending litigation. In the case at bar the acts relied upon are the very basis of the litigation now pending. ’ ’ (Emphasis supplied.)
And, so, in the instant case, the act relied upon by the defendant, i.e., the plaintiff’s present cause of action, is the very basis upon which its counterclaim rests. Unless and until that action has terminated in the defendant’s favor, defendant has no cause of action for malicious abuse of process. As noted by the Appellate Division of the First Department in Porterfield v. Saffan (7 A D 2d 987, affd. 7 N Y 2d 816) : “ The minimal requirements of a cause of action for malicious prosecution or abuse of process *171 cannot be bypassed merely by the expedient of labeling the cause of auction as one in prima facie tort, where, as here, there appears to have been sufficient self-interest on the part of defendant to negative malice, the essential ingredient of a cause of action for prima facie tort
The plaintiff’s motion is, accordingly, granted. It will not be necessary for the defendant to serve an amended answer, since its, present pleading may be marked by reference to the order to be entered hereon.