Benjamin Brenner, J.
This is a personal injury action against the City of New York and the Housing Authority in which plaintiffs move to amend their notice of claim to substitute the father of the injured infant for the mother with respect to the claim for loss of services and medical expenses.
Plaintiffs allege that the mother’s name was placed in the notice inadvertently instead of the father’s. The question is whether defendants are prejudiced by the proposed change, since the father’s claim is merely derivative of the infant’s, which claim has been properly presented and, presumably, thoroughly investigated (cf. Matter of Charlemagne v. City of New York, 277 App. Biv. 689 [1st Dept., 1951], affd. 302 N. Y. 871 [1951]).
While in Marks v. City of New York (101 N. Y. S. 2d 105 [Sup. Ct., Kings County, 1950]) the substitution was held impermissible after the expiration of the 90-day period, the court there considered the application under subdivision 5 of section 50-e of the General Municipal Law relating to time and manner of service. Here, however, the application is correctly made pursuant to subdivision 6 of section 50-e, relating to the correction of nonprejudicial mistakes or irregularities, which the court has broad power to correct when made in good faith and where the defendants are not prejudiced (Gisondi v. Town of Harrison, 16 A B 2d 929 [2d Dept., 1962]; Winbush v. City of Mount Vernon, 282 App. Div. 749 [2d Dept., 1953], revd. on other grounds 306 N. Y. 327 [1954]).
Moreover, the Court of Appeals in Winbush v. City of Mount Vernon (supra, pp. 333-334) said: “ The primary purpose of *636 section 50-e [supra), as often stated by the courts, is to give to a municipality prompt notice of such claims, so that investigation may be made before it is too late for investigation to be efficient (see Justice Shientag’s opinion for the Appellate Division in the Charlemagne case, 277 App. Div. 689, supra, which we affirmed, and see, also, Teresta v. City of New York, 304 N. Y. 440, 443) * * * That explains the Charlemagne case [supra) * * * The courts permitted the husband’s notice of claim to be amended to include a statement that it was on behalf of his wife also, the theory of decision being that the paper actually filed by the husband fully informed the city that there would be a claim made by the wife, too.”
The substitution of one parent for the other with respect to a derivative cause of action seems to me to be a purely ministerial change in the notice, not in the slightest prejudicial to those upon whom it is required to be served. Defendants complain that the amendment sought is a mere tactic to secure an extension of time for the service of this notice in behalf of a father whose proof of loss on trial would exceed that of the mother. Yet, when it is remembered that the extent or degree of loss of service and medical expenses need not be set out in the notice in the first place, the fact of the father’s substitution as a possible recipient of these losses nan neither be said to be tantamount to an extension of time nor any difference of proof as between the original and amended notices.
Defendants having failed to show what prejudice, if any, they would have suffered by the amendment [Matter of Charlemagne v. City of New York, supra), they may not complain. The motion is accordingly granted.