Ma-rrttat.t. E. Livingston, J.
This is a motion for permission to file an amended notice of claim and an amended complaint against the City of Rochester, pursuant to subdivision 6 of section 50-e of the General Municipal Law. The section cited does not include authority to permit the service of an amended complaint. That relief is governed by CPLR 3025 (subd. [b]). However, for the purpose of this motion, it is deemed that plaintiff intended to include his application to serve an amended complaint under the proper rule.
The background of this matter is an original claim against the City of Rochester and its police officer for an assault and false imprisonment arising out of incidents which occurred April 28, 1968. The claim was duly and timely filed on July 19, 1968. In February, 1969 an action was started by plaintiff for (1) an unprovoked assault by the defendant police officer causing plaintiff personal injuries and (2) for damages arising out of false imprisonment resulting from the incident of April 28, 1968. Parenthetically, I point out that plaintiff’s notice of claim and complaint assert both 1 ‘ false arrest ’ ’ and “false imprisonment ”, which terms in this case are synonymous (see 2NI PJI 600).
In March, 1971 the action appeared on the trial calendar, and on the opening to the jury, plaintiff’s counsel stated “ that the police officer had arrested Raymond Grant, and the case was tried and he was found ‘ not guilty ’ ’ ’. Thereupon the motion by the city for a mistrial was granted because “ Termination of the prosecution, essential in a malicious prosecution action, is not an essential of false imprisonment, Hopner v McGowan, 116 N. Y. 405 ” (2 NY PJI 600).
Plaintiff’s motion here now seeks to amend the notice of claim and complaint to include a cause of action for malicious prosecution in addition to the causes of action for assault and and false imprisonment.
Plaintiff urges that the General Municipal Law (§ 50-e, subd. 6) permits such an amendment on the ground that, as the pertinent part of the section says, “ a mistake, omission, irregularity or defect made in good faith in the notice of claim * * * may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby ’ ’.
Plaintiff asserts in his affidavit of November 8, 1971, that ‘ ‘ through inadvertence or oversight, the charge of malicious prosecution was not included in the original Notice of Claim even though the substance of the same is set out in Paragraph No. 4 of said Notice ”.
*360 Paragraph No. 4 of the notice states: ‘ ‘ That nay second claim is against the City of Rochester, New York, and its police officer, Salvatore Ruvio, for false arrest, resulting in nay incarcarition [sic.], and false imprisonment in the following manner; that on the 6th day of May, 1968, the said police officer, Salvatore Ruvio, by an affidavit and information, alleging that I have assaulted him, resisted arrest and acted in a disorderly manner, had caused a warrant of arrest to be issued by the Judge of the City Court of the City of Rochester, New York, against me and resulting is [sic.] several police officers coming to my home at night and placing me in jail and under detention, causing me great mental strain.” -
A few points not raised by either party occur to me which should perhaps be discussed, although they are not determinative of the main issue of whether or not the notice of claim may now be amended to add a cause of action for malicious prosecution.
The limitation of time within which an action for malicious prosecution may be commenced is one year (CPLR 215, subd. 3). However, CPLR 203 (subd. [e]) provides: “ A claim asserted in an amended pleading is deemed to have been interposed at the time that claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.”
In addition, and this is addressed to the requested amendment of the complaint, CPLR 3025 (subd. [b]) allows amendments of pleadings freely, regardless of the merits or sufficiency of the pleading (Andrews v. Donabella, 60 Misc 2d 1007).
Thus, if the proposed amendment may be allowed in the complaint, the one-year Statute of Limitations would not be a bar in this case.
Here, however, paragraph 4 of the notice of claim does not, in my opinion, give reasonable notice of a possible claim of malicious prosecution in connection with the false arrest and false imprisonment causes of action.
False arrest or imprisonment and malicious prosecution are totally different substantive torts. Malicious prosecution is a judicial proeegding, begun in malice, without probable cause, which finally ends in failure. False imprisonment is the intentional and unlawful detention of another against his will. Malice is not an element of false arrest (see 2 NY PJ'I 600).
Several cases illustrating the type of situation under which an amendment of a notice of claim may be made under the *361 authority of the General Municipal Law (§ 50-e, suhd. 6) are significant and should be noted:
Matter of Powell v. Town of Gates (36 A D 2d 220). An amendment was allowed by the Fourth Department (3-2). The majority held that the original claim contained a reasonable reference broad enough to encompass the requested amendment.
Melisi v. Central School Dist. No. 1 (25 A D 2d 54). The defect or irregularity which was permitted to be cured was the verification of the claim.
Sanchez v. City of New York (25 A D 2d 731). The date of the accident was permitted to be corrected in the notice of claim. Both the defendant’s hospital records and plaintiff’s bill of particulars set forth the correct date.
Montana v. Incorporated Vil. of Lynbrook (23 A D 2d 585). This was another case where, inter alia, a defect in verification was permitted to be corrected and no prejudice was shown.
Dale v. Half Hollow Hills School (37 A D 2d 778). Amendment of notice of claim nunc pro tunc so as to include a claim for mental anguish denied because it would be of a substantive nature.
The following cases are also in point: Nagy v. Rothstein (53 Misc 2d 367); Matter of Davidson v. New York City Housing Auth. (56 Misc 2d 635); Matter of La Pan v. County of Albany (58 Misc 2d 657); cf. Berger v. Village of Seneca Falls (3 Misc 2d 647).
Plaintiff may not amend his claim to now include a cause of action for malicious prosecution. Such an amendment would be of a substantive nature and not contemplated by the General Municipal Law (§ 50-e, subd. 6) (see Matter of Kinard v. City of New York, 26 A D 2d 821; La Rocco v. City of New York, 37 A D 2d 529, affd. 29 N Y 2d 687).
The motion is denied.