MARVIN S. BELSKY, Appellant-Respondent, v ILONA LOWEN-
THAL, Respondent-Appellant; KARL LOWENTHAL, Respon-
dent.

First Department, May 11, 1978

APPEARANCES OF COUNSEL

*Lester J. Tanner* of counsel *(Anders R. Sterner* with him on the brief; *Tanner & Gilbert, P. C.,* attorneys), for appellant-respondent.

*Robert Markewich* of counsel *(Markewich Rosenhaus Markewich & Friedman, P. C.,* attorneys), for respondent-appellant and respondent.

OPINION OF THE COURT

Evans, J.

This is an action by plaintiff, a medical doctor, against a former patient and her husband. Defendants had sought a recovery of plaintiff in a prior action for alleged malpractice. The action was discontinued with prejudice by stipulation. Plaintiff now seeks recovery for malicious prosecution and for prima facie tort.

■ The first and third causes of action sound in malicious prosecution, and in order to state a cause of action for malicious prosecution plaintiff must establish certain essential elements to wit: that defendant commenced or continued a proceeding against the plaintiff; that such proceeding terminated in plaintiff's favor; that there was no probable cause for the action and that the proceeding was instituted with actual malice; and that there must have been some interference with plaintiff's person or property *(Williams v Williams,* 23 NY2d 592) such as by use of such incidental remedies as attachment, arrest or injunction. Here the complaint cites no interference with plaintiff's person or property, and any failure of one of the elements of the cause of action is fatal to its existence. In *Sachs v Weinstein* (208 App Div 360, 365) the court held: "I think * * * that in this State the weight of authority at the present time is to the effect that in an ordinary civil action where the person or property of a defendant is not interfered with, as by injunction, attachment, arrest or some other provisional remedy, the defendant * * * is not entitled to maintain an action for malicious prosecution * * * notwithstanding such action may have been prosecuted without probable cause and maliciously, and resulted in damage to the defendant in excess of the costs recovered by him." There is convincing rationale in the considered dissenting opinion of Chief Judge FULD in *Williams (supra,* pp 609-610); however, we are constrained to honor the majority holding of the high court.

Here the prior proceeding was discontinued by stipulation, and defendants rely upon *Pagliarulo v Pagliarulo* (30 AD2d 840) in contending that this was not a favorable termination sufficient to support a malicious prosecution action. However, we need not consider this aspect in view of the lack of interference with person or property.

The fourth cause of action, although utilizing the term "abuse of process", appears to speak more of alleged prima facie tort. In this regard, the court will look to the reality and essence of the action and not the name which the parties have given it. *(Brick v Cohn-Hall-Marx Co.,* 276 NY 259; *Iandoli v Asiatic Petroleum Corp.,* 57 AD2d 815.)* In fact, the plaintiff does not complain of this treatment of his fourth cause of action, but rather agrees that the fourth cause sounds in prima facie tort, and seemingly abandons his prior claim of abuse of process.

■ A prima facie tort has been defined as " 'the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or series of acts which would otherwise be lawful.' " *(ATI, Inc. v Ruder & Finn,* 42 NY2d 454, 458.) Parenthetically, this theory was first enunciated by Mr. Justice HOLMES in *Aikens v Wisconsin* (195 US 194) and was thereafter recognized by many States, including New York *(Opera on Tour v Weber,* 285 NY 348), and is by definition an act that does not fall within the categories of the traditional torts. *(Knapp Engraving Co. v Keystone Photo Engraving Corp.,* 1 AD2d 170.)

It was the law at one time that a cause of action in prima facie tort could not exist when all the damages sustained were attributable to a specific recognized tort *(Ruza v Ruza,* 286 App Div 767); however, in *Board of Educ. v Farmingdale Union Free School Dist.* (38 NY2d 397, 406) the court held that the *Ruza* rule will not be blindly applied to prohibit alternative pleading in the area of prima facie tort and said that "there may be instances when the traditional tort cause of action will fail and plaintiff should be allowed to assert this alternative claim." The *Ruza* rule should be applied here.

"The prima facie tort principle * * * has proved useful in assisting the development of needed reforms in the law of tort, particularly in receiving and resolving the myriad of claims which have arisen from new relationships and power groupings formed, and continually reformed, in the business world. It serves a high purpose in providing within its compass a residuary action for timely recognition of novel claims". (Brown, The Rise and Threatened Demise of the Prima Facie Tort Principle, 54 Nw UL Rev 563, 573 [1959].) It would be unwise, we think, to allow every unrealized cause of action to be tortured into a prima facie tort action, by the liberal application of "malicious" to the motives of the disappointed plaintiff, thus affording a forum for a never-ending source of new litigation. Every failed suit for medical malpractice could conceivably then be made the basis of a prima facie tort.

■ It would make little sense to hold that plaintiff may not prevail on a cause of action, having failed to establish certain elements, which are essential thereto, and then in the exercise of flexibility, apply a different name to it, and without correcting any of the fatal defects, permit the cause of action (absent a unique quality) to stand. Perhaps more expositive of public policy is the reasoned dissent of Justice STEUER in *Chappelle v*

*Gross* (26 AD2d 340, 345) to wit: "There is a lack of uniformity in the common-law jurisdictions as to whether an action will lie for the bringing of a civil suit improperly motivated or without belief of the person suing in the soundness of his claim (Prosser, Torts [3d ed.], § 114, p. 870). This State has always held to the principle that no cause of action accrues to the successful defendant (see *Burt v. Smith,* 181 N. Y. 1, 5; *Sachs v. Weinstein,* 208 App. Div. 360; *Paul v. Fargo,* 84 App. Div. 9) * * * Our public policy is very strong in allowing access to the courts to all parties. Fear of reprisal beyond the imposition of costs should not be allowed to act as a deterrent. And even proof that costs will not make the defendant whole has not been allowed to overcome this policy *(Paul v. Fargo, supra)."*

The just and reasonable concept that the law should never suffer an injury and a damage without a remedy *(Kujek v Goldman,* 150 NY 176; *Halio v Lurie,* 15 AD2d 62) has its limitations. To blindly accept this rationale should not be an occasion for setting aside large bodies of case law which have defined our limits, established our guidelines and set forth the essential elements of traditional tort. Prima facie tort should not become a "catch-all" alternative for every cause of action which cannot stand on its legs.

Accordingly, the order, Supreme Court, New York County (HUGHES, J.), entered November 10, 1977, dismissing the first and third causes of action, as to both defendants and the fourth cause of action as to defendant Karl Lowenthal only, should be modified, on the law, to dismiss the fourth cause of action as to defendant Ilona Lowenthal, and should be otherwise affirmed, without costs.

SILVERMAN, J. P., FEIN, LYNCH and SANDLER, JJ., concur.

Order, Supreme Court, New York County, entered on November 10, 1977, unanimously modified, on the law, to dismiss the fourth cause of action as to defendant Ilona Lowenthal, and otherwise affirmed, without costs and without disbursements.