KALSO SYSTEMET, INC., Debtor-In-Possession, Plaintiff,

v.

Raymond JACOBS and Eleanor Jacobs, Defendants.

Raymond JACOBS and Eleanor Jacobs, Third-Party Plaintiffs,

v.

CHEMICAL BANK, Third-Party Defendant.

No. 79 Civ. 0196.

United States District Court, S. D. New York.

June 27, 1979.

Parker, Auspitz, Neesemann & Delehanty, New York City, for plaintiff; Carolyn Ziegler, New York City, of counsel.

Harry Issler, P. C., New York City, for defendants.

Otterbourg, Steindler, Houston & Rosen, New York City, for third-party defendant.

OPINION

EDWARD WEINFELD, District Judge.

Kalso Systemet, Inc., the debtor-in-possession in a Chapter XI proceeding in the District Court in Massachusetts, pursuant to authorization granted by that Court under an amended Plan of Arrangement, commenced this action against Raymond and Eleanor Jacobs, who were officers, directors and stockholders of the corporation, to void certain transactions as "fraudulent transfers" and "voidable preferences" under the federal bankruptcy laws and New York's Debtor and Creditor Law and to obtain an accounting. Alleging that the action was instituted with malice and is without factual or legal basis, defendants counterclaim for malicious prosecution, abuse of process and prima facie tort. Defendants now move (1) to dismiss or transfer counts 1 and 2 of the complaint which charge them with the fraudulent transfer to Eleanor Jacobs of real property located in Suffolk County, New York; (2) to transfer the remaining counts to the District Court in Massachusetts, and (3) to stay the distribution of plaintiff's assets pursuant to the Plan of Arrangement pending resolution of their counterclaims. Plaintiff cross-moves to dismiss the counterclaims for legal insufficiency.

I

Defendants do not deny that this Court has subject matter jurisdiction of the controversy on the basis of the diverse citizenship of the parties and that personal jurisdiction to adjudicate their rights exists. Rather they contend that with respect to the first two counts of the complaint, this Court has no jurisdiction to affect the title to real property not located within the Southern District of New York; that this is a "local" rather than "transitory" action and must be brought in the district where the property is situated. The short answer to this contention is that the two counts, based on allegations of fraud and breach of

fiduciary duty, are transitory. As the Supreme Court stated in *Massie v. Watts,* "in a case of fraud, of trust, or of contract, the jurisdiction of a court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree." [1] A decree of this Court will bind defendants in personam; failure to comply will subject them to contempt proceedings. Thus the action is transitory, the defendants are properly subject to the jurisdiction of the Court, and the general venue provisions apply. Since this is a mixed diversity and federal question case, 28 U.S.C., section 1391(b) governs and venue is proper in the district of the defendants' residence, which according to the allegations of the complaint is in this district.[2] Defendants' request for dismissal or transfer of counts 1 and 2 is denied.

## II

■ Defendants' further contention that maintenance of this action will conflict with the jurisdiction of the bankruptcy court in Massachusetts, thus requiring either dismissal or transfer, is equally without merit.[3] The confirmation order of the bankruptcy court expressly provided for the prosecution of any causes of action the debtor might have for the recovery of assets, including alleged fraudulent or voidable transfers to the Jacobses. Special counsel was appointed for that purpose by the Bankruptcy Judge, and New York counsel was appointed to assist him when the defendants refused to consent to personal jurisdiction and venue in Massachusetts.[4] Any assertion of conflict is, therefore, frivolous.

## III

■ Finally, defendants inconsistently request this Court to stay the Massachusetts District Court from proceeding with the distribution of the debtor's assets pending resolution of their counterclaims. This Court has no jurisdiction over the disbursing agent or the Bankruptcy Judge;[5] the requested relief would violate the bankruptcy court's exclusive jurisdiction over the debtor's property deposited therein;[6] and

**1.** 10 U.S. (6 Cranch) 148, 160, 3 L.Ed. 181 (1810). *Accord, Coffey v. Managed Properties,* 85 F.2d 88, 90 (2d Cir. 1936); *Stewart Oil Co. v. Sohio Petroleum Co.,* 185 F.Supp. 765 (E.D.Ill. 1960), *aff'd,* 315 F.2d 759 (7th Cir.), *cert. denied,* 375 U.S. 828, 84 S.Ct. 71, 11 L.Ed.2d 60 (1963); *Miller v. Quincy,* 179 N.Y. 294, 301, 72 N.E. 116 (1904); *Wrightsville Hardware Co. v. Assets Realization Co.,* 159 A.D. 849, 144 N.Y.S. 991 (1st Dep't 1913); *Chase v. Knickerbocker Phosphate Co.,* 32 A.D. 400, 53 N.Y.S. 220 (2d Dep't 1898). *See generally Shaffer v. Heitner,* 433 U.S. 186, 197, 207–12, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

**2.** In their reply brief on this motion, defendants for the first time raise the additional contention that venue is improper because Eleanor Jacobs resides in the Eastern District of New York, not the Southern District. No affidavit from Mrs. Jacobs has been submitted; no mention of Mr. Jacobs' residence is made, *cf.* 28 U.S.C. § 1392(a). Because this ground was not properly raised, it has not been considered in disposing of this motion.

**3.** *See Collett v. Adams,* 249 U.S. 545, 549, 39 S.Ct. 372, 63 L.Ed. 764 (1919); *Rodgers v. Bankers Commercial Co.,* 42 F.2d 906 (N.D.Ill. 1930); 2 Collier On Bankruptcy ¶ 23.15[1], at 610–611 (14th ed. 1976). Section 2(a)(20) of the Bankruptcy Act, 11 U.S.C. § 11(a)(20), invests the courts of the United States with power to "[e]xercise ancillary jurisdiction over persons or property within their respective territorial limits in aid of a receiver or trustee appointed in any bankruptcy proceedings pending in any other court of bankruptcy."

**4.** As to those claims not based on §§ 60, 67, and 70 of the Bankruptcy Act, 11 U.S.C. §§ 96, 107, 110, the bankruptcy court, because of § 23 of the Act, *id.* § 46, which is applicable in Chapter XI proceedings, *id.* §§ 702, 742, 752, "has no jurisdiction to issue its process outside the district where the debtor . . . is seeking an accounting and judgment for moneys alleged to have been fraudulently diverted from the treasury of the corporation prior to commencement of the proceedings under the Act." 8 Collier On Bankruptcy ¶ 3.03, at 170 & n.14 (14th ed. 1978). *See Thompson v. Terminal Shares,* 104 F.2d 1, 8–9 (8th Cir.), *cert. denied,* 308 U.S. 559, 60 S.Ct. 100, 84 L.Ed. 470 (1939); *Bovay v. H. M. Byllesby & Co.,* 88 F.2d 990, 992 (5th Cir. 1937).

**5.** Fed.R.Civ.Proc. 65(d); *Heyman v. Kline,* 444 F.2d 65, 66 (2d Cir. 1971).

**6.** 11 U.S.C. § 711; *Ric-Wil, Inc. v. First Pennsylvania Banking & Trust Co.,* 352 F.Supp. 782 (E.D.Pa.1973); *In re Rubicon, Ltd.,* 331 F.Supp. 1307 (N.D.Calif.1971).

defendants, having failed to assert any claim prior to confirmation, are not entitled to participate in the assets.[7] Moreover, in light of our decision, discussed below, to grant plaintiff's cross-motion and dismiss defendants' counterclaims, no stay is warranted even if the power to grant one existed. Indeed the very assertion of these counterclaims borders on the brazen, considering that this suit has the sanction of the Massachusetts bankruptcy court which, with the pertinent facts before it, appointed special counsel to prosecute any causes of action growing out of the defendants' activities.

## IV

Defendants' five counterclaims are in fact three substantive causes of action—abuse of process, malicious prosecution and prima facie tort—and two related prayers for relief—one for punitive damages and the other for a stay of distribution of the debtor's assets.

■■■ An abuse of process claim requires, as its name implies, the misuse or perversion of regularly issued process to the accomplishment of an improper purpose.[8] There are three essential elements to the tort: "First, there must be regularly issued process, civil or criminal, compelling the performance or forebearance of some prescribed act. Next, the person activating the process must be moved by a purpose to do harm without that which has been traditionally described as economic or social excuse or justification . . .. Lastly, defendant must be seeking some collateral advantage or corresponding detriment to the plaintiff which is outside the legitimate ends of the process."[9] It follows from the first element that there must be an "interference with one's person or property under color of process"[10] and here the counterclaim fails. The New York Court of Appeals held in *Williams v. Williams,* that a summons and complaint, which are all that have been filed and "issued" herein, are not process capable of being abused.[11] The first counterclaim is therefore dismissed.

■■■ The malicious prosecution claim is premature for that tort lies only when the judicial proceeding "begun in malice, without probable cause, . . . finally ends in failure."[12] It cannot be asserted as a counterclaim in the very action it challenges as malicious.[13] Moreover, in extending the tort of malicious prosecution to civil suits, the New York courts have required the additional element that the person or property of the plaintiff "is interfered with by some incidental remedy, such as arrest, attachment, or injunction."[14] Again no

7. 11 U.S.C. § 767; Bankruptcy Rule 11–33(b)(2); *In re Super Electric Prods. Corp.,* 200 F.2d 790 (3d Cir. 1953).

8. *Board of Educ. v. Farmingdale Classroom Teachers Ass'n,* 38 N.Y.2d 397, 400, 380 N.Y. S.2d 635, 639, 343 N.E.2d 278 (1975); *Dean v. Kochendorf,* 237 N.Y. 384, 143 N.E. 229 (1924).

9. *Board of Educ. v. Farmingdale Classroom Teachers Ass'n,* 38 N.Y.2d 397, 403, 380 N.Y. S.2d 635, 642, 343 N.E.2d 278, 283 (1975).

10. *Williams v. Williams,* 23 N.Y.2d 592, 596, 298 N.Y.S.2d 473, 476–77, 246 N.E.2d 333, 335 (1969).

11. *Id. Accord, Rosemont Enterprises, Inc. v. Random House, Inc.,* 261 F.Supp. 691, 695 (S.D. N.Y.1966); *Krellman v. Livingston,* 64 A.D.2d 621, 406 N.Y.S.2d 881, 882 (2d Dep't 1978). The counterclaim would also fail on the third element for where, as here, "the particular machinery of the law [is used] for the immediate purpose for which it was intended, [the plain-tiff] is not ordinarily liable, notwithstanding a vicious or vindictive motive." Harper, The Law of Torts § 327, at 593, *quoted with approval in Hauser v. Bartow,* 273 N.Y. 370, 373 (1937).

12. *Grant v. City of Rochester,* 68 Misc.2d 358, 360, 326 N.Y.S.2d 691, 693 (Sup.Ct.1971). *Accord, Rosemont Enterprises, Inc. v. Random House, Inc.,* 261 F.Supp. 691, 695 (S.D.N.Y. 1966).

13. *Flaks, Zaslow & Co. v. Bank Computer Network Corp.,* 413 N.Y.S.2d 1, 3 (App.Div. 1st Dep't 1979). *Accord, The Savage Is Loose Co. v. United Artists Theatre Circuit,* 413 F.Supp. 555, 562 (S.D.N.Y.1976); *National Fittings Co. of New York v. Durst Mfg. Co.,* 28 Misc.2d 168, 210 N.Y.S.2d 455, 457 (Sup.Ct.1960).

14. *Burt v. Smith,* 181 N.Y. 1, 5, 73 N.E. 495, 496 (1905). *Accord, Williams v. Williams,* 23 N.Y.2d 592, 597 n.2, 298 N.Y.S.2d 473, 477 n.2 (1969); *Chappelle v. Gross,* 26 A.D.2d 340, 274 N.Y.S.2d 555, 557 (1st Dep't 1966).

such interference is alleged here and the second counterclaim is therefore dismissed.

Defendants' third counterclaim is for prima facie tort which has been defined as " 'the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or series of acts which would otherwise be lawful.' " [15] Initially it may be observed that defendants have failed to plead with particularity an essential element of the offense—special damages.[16] This element, temporal harm in the sense of pecuniary loss, "must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious acts. . . . They must be full and accurately stated." [17] Moreover, there is substantial doubt that defendants could, in the context of this case, prove that plaintiff's conduct in instituting this litigation was "without excuse or justification." In *ATI, Inc. v. Ruder & Finn, Inc.,* the New York Court of Appeals noted that the excuse or justification must be one which the law will recognize.[18] The cases cited by the Court are illustrative of the meaning of the phrase "without justification." For example, the Court in *Beardsley v. Kilmer,*[19] citing Justice Holmes' reference to "disinterested malevolence," [20] stated that "the genesis which will make a lawful act unlawful must be a malicious one unmixed with any other and exclusively directed to injury and damage of another." [21] To ascribe such "disinterested malevolence" to this plaintiff, when the bankruptcy court's confirmation of the plan of arrangement specifically authorized prosecution of claims against the Jacobses, borders on the absurd.[22]

Beyond questions of pleading or justification, the dispositive point is that the allegations underlying the third counterclaim simply repeat those asserted in the first two causes of action and then apply a new label. But prima facie tort is not a " 'catch-all' alternative for every cause of action which cannot stand on its legs." [23] As the First Department recently held: "The just and reasonable concept that the law should never suffer an injury and a damage without a remedy . . . has its limitations. To blindly accept this rationale should not be

15. *ATI, Inc. v. Ruder & Finn, Inc.,* 42 N.Y.2d 454, 458, 398 N.Y.S.2d 864, 866, 368 N.E.2d 1230, 1232 (1977).

16. *Id.; Nichols v. Item Publishers,* 309 N.Y. 596, 602, 132 N.E.2d 860 (1956); *Knapp Engraving Co. v. Keystone Photo Engraving Corp.,* 1 A.D.2d 170, 148 N.Y.S.2d 635 (1st Dep't 1956).

17. *Lincoln First Bank of Rochester v. Siegel,* 60 A.D.2d 270, 400 N.Y.S.2d 627, 633 (4th Dep't 1977); *Bohm v. Holzberg,* 47 A.D.2d 764, 365 N.Y.S.2d 262 (2d Dep't 1975).

18. 42 N.Y.2d 454, 459, 398 N.Y.S.2d 864, 867, 368 N.E.2d 1230, 1233 (1977).

19. 236 N.Y. 80, 89–90, 140 N.E. 203 (1923).

20. *American Bank & Trust Co. v. Federal Reserve Bank of Atlanta,* 256 U.S. 350, 358, 41 S.Ct. 499, 65 L.Ed. 983 (1921); *Aikens v. Wisconsin,* 195 U.S. 194, 206, 25 S.Ct. 3, 49 L.Ed. 154 (1904).

21. 236 N.Y. at 90, 140 N.E. 203, 206.

22. The Court in *ATI, Inc. v. Ruder & Finn, Inc.,* also noted that underlying the question of justification is a balancing of public policy or interest against the alleged intentional harm. There the harm to plaintiff occasioned by defendants' alerting the public to potential health hazards connected with aerosol sprays, even if maliciously inflicted, was outweighed by the public interest. 42 N.Y.2d at 459–60, 398 N.Y.S.2d at 867, 368 N.E.2d at 1233. An equally strong policy is implicated here. The First Department recently stated: " 'Our public policy is very strong in allowing access to the courts to all parties. Fear of reprisal beyond the imposition of costs should not be allowed to act as a deterrent. And even proof that costs will not make the defendant whole has not been allowed to overcome this policy.' " *Belsky v. Lowenthal,* 62 A.D.2d 319, 405 N.Y.S.2d 62, 65 (1st Dep't), *leave to appeal denied,* 45 N.Y.2d 946, 411 N.Y.S.2d 563, 383 N.E.2d 156 (1978) (quoting *Chappelle v. Gross,* 26 A.D.2d 340, 274 N.Y.S.2d 555, 561 (1st Dep't 1966) (Steuer, J., dissenting)). *See Rosemont Enterprises, Inc. v. Random House, Inc.,* 261 F.Supp. 691, 696–97 (S.D.N.Y.1966).

23. *Belsky v. Lowenthal,* 62 A.D.2d 319, 405 N.Y.S.2d 62, 65 (1st Dep't), *leave to appeal denied,* 45 N.Y.2d 946, 411 N.Y.S.2d 563, 383 N.E.2d 156 (1978). *Accord, Horwitz v. Sprague,* 440 F.Supp. 1346, 1352 (S.D.N.Y.1977); *Ruza v. Ruza,* 286 A.D. 767, 146 N.Y.S.2d 808 (1st Dep't 1955).

an occasion for setting aside large bodies of case law which have defined our limits, established our guidelines and set forth the essential elements of traditional tort.[24] The third counterclaim is therefore dismissed. Because defendants' final two counterclaims are predicated on the success of the first three, they are also dismissed.

#### Conclusion

Defendants' motion is denied. Plaintiff's cross-motion to dismiss the five counterclaims is granted.

So Ordered.

**24.** *Belsky v. Lowenthal,* 62 A.D.2d 319, 405 N.Y.S.2d 62, 65 (1st Dep't), *leave to appeal denied,* 45 N.Y.2d 945, 411 N.Y.S.2d 563, 383 N.E.2d 156 (1978).