OPINION OF THE COURT
Felice K. Shea, J.
Defendants move for an order pursuant to CPLR 3212 granting partial summary judgment and dismissing plaintiff’s third cause of action on the ground that plaintiff has failed to comply with section 50-e of the General Municipal Law. The issue presented is whether the requirement in subdivision 2 of section 50-e of the General Municipal Law that "The notice * * * shall set forth * * * the nature of the claim” means that plaintiff must specify the legal theory upon which he relies, or whether, if the nature of plaintiff’s claim is otherwise made clear, the failure to specifically indicate the nature of the claim can be disregarded under subdivision 6 of section 50-e of the General Municipal Law.
Section 50-e of the General Municipal Law so far as applicable provides:
"2. Form of notice; contents. The notice shall be in writing, sworn to by or on behalf of the claimant, and shall set forth: (1) the name and post-office address of each claimant, and of his attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained so far as then practicable. * * *
"6. Mistake, omission, irregularity or defect. At any time after the service of a notice of claim and at any stage of an action or special proceeding to which the provisions of this section are applicable, a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby.”
This action arises out of the arrest of plaintiff by a New York City police officer on October 8, 1967. Plaintiff has asserted three causes of action in his complaint: (1) assault and battery; (2) false arrest and imprisonment; and (3) malicious prosecution. Plaintiff served two notices of claim. Malicious prosecution is not referred to by name in either notice.
*272 Defendants argue that a cause of action for malicious prosecution may not be asserted unless plaintiff has specified malicious prosecution as the nature of his claim in his notice. Plaintiff contends that the amended notice of claim gave defendant sufficient notice of his claim for malicious prosecution and of the facts upon which it rests.
The authorities relied upon by defendants are inapposite. In the cases cited, plaintiffs were seeking leave to amend their notices of claim to add a claim based on malicious prosecution after the 90-day statutory period had expired. In this case, plaintiff served his second notice of claim within the statutory time period. The issue before the court here is whether the second notice of claim gives defendants sufficient notice of plaintiff’s new cause of action for malicious prosecution.
The principal purposes of a notice of claim statute are to afford the municipality an opportunity to explore claims against it, and, if deemed appropriate, to settle claims without the expense and risks of litigation. (Salesian Soc. v Village of Ellenville, 41 NY2d 521, 524.) The test of the sufficiency of a notice is whether it adequately informs the municipality of the nature of the claim, and of the time when, the place where, and the manner in which the claim arose so as to enable the municipality to investigate promptly. (Matter of Powell v Town of Gates, 36 AD2d 220.)
The first notice of claim, served on or about December 29, 1967, set forth the facts of the occurrence on October 8, 1967 and stated that the nature of the claim was "assault and battery; false and illegal arrest and imprisonment”. The cause of action for malicious prosecution came into existence on May 14, 1968, when the Grand Jury dismissed the indictment against plaintiff. Plaintiff timely notified defendants in the second notice of claim served on or about June 11, 1968 that his indictment had been dismissed. This fact is irrelevant to plaintiff’s prior claims for assault and for false arrest and imprisonment. Termination of prosecution is not an element of these causes of action. (See Grant v City of Rochester, 68 Misc 2d 358.) However, favorable termination of prosecution is an essential element of an action for malicious prosecution. (Broughton v State of New York, 37 NY2d 451, cert den sub nom. Schanbarger v Kellogg, 423 US 929.)
The amended notice could have had no purpose other than to put defendants on notice of the claim of malicious prosecution. It is reasonable to expect that defendants would read the *273 notice and be apprised of its purpose. Defendants do not allege prejudice, nor could there be any, in view of the timely notice given in the notices of claim, and in the complaint which appears to have been served on or about November 15, 1968. The fact that this motion was not made soon after malicious prosecution was pleaded is some indication that defendants were not surprised in 1968. They can hardly claim surprise 11 years later.
The court finds that the two notices of claim read together give defendants sufficient notice of plaintiff’s claim of malicious prosecution. It is not a fatal defect that the words "malicious prosecution” were not used, but rather an omission made in good faith within the purview of subdivision 6 of section 50-e of the General Municipal Law. (See Lampman v Cairo Cent. School Dist., 47 AD2d 794; Matter of Powell v Town of Gates, 36 AD2d 220, supra; Gisondi v Town of Harrison, 16 AD2d 929.)
Accordingly, the motion is denied.