**Roger A. SBROCCO and Northeast Produce Transport, Inc., Plaintiffs,**

v.

**PACIFIC FRUIT, INC., Ecuadorian Line, Inc. and Shillo Adir, Defendants.**

**No. 82 Civ. 5650 (RWS).**

United States District Court,
S.D. New York.

Feb. 18, 1983.

Boyle, Vogeler & Haimes, P.C., New York City, for plaintiffs; Roger Boyle, New York City, of counsel.

Guggenheimer & Untermyer, New York City, for defendants; Harold Baer, Jr., Robert E. Smith, Alan I. Raylesberg, New York City, of counsel.

## OPINION

SWEET, District Judge.

Defendants Pacific Fruit, Inc. ("Pacific"), an importer and marketer of bananas, its affiliate Ecuadorian Line, Inc. ("Ecuadorian"), and Shillo Adir ("Adir"), an officer and director of both companies, have moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the complaint in this diversity action for failure to state a claim upon which relief can be granted. For the reasons stated below, the motion will be granted.

The complaint contains three causes of action arising from an alleged conspiracy designed to injure the plaintiffs, Roger A. Sbrocco ("Sbrocco") and Northeast Produce Transport, Inc ("Northeast"), in their business, which involves the trucking of bananas to wholesalers or retailers. Sbrocco is Northeast's president. The complaint alleges that the conspiracy involved a scheme designed to injure the business standing, reputation, and credit of Northeast and to eliminate Northeast as a competitor in the trucking business. The complaint further alleges that the scheme was effected by contacting customers of Northeast and threatening to refuse to do business with those who employed Northeast's trucking services. In addition, the complaint further alleges that the defendants

> well knew, and actually intended and contemplated, that the acts and interferences alleged herein would cause, and actually did cause, plaintiffs great damage, ruin and disaster by causing plaintiffs to lose a substantial number of customers. Defendants further knew and intended that their conduct would seriously handicap plaintiff Northeast's ability to compete and cause substantial loss of profits, good will, reputation and prestige. Defend-

ants have failed and refused to offer any justification for their conduct.

The complaint then alleges three causes of action under New York law: (1) that the conduct constitutes tortious interference with business relations; (2) that the conduct tended to disparage Sbrocco's and Northeast's business reputations; and (3) that the conduct was malicious, intentional, fraudulent, and done with reckless disregard of the plaintiffs' rights, and that the plaintiffs are therefore entitled to punitive damages. The complaint seeks injunctive and monetary relief.

Sbrocco and Northeast previously commenced an action in this court, alleging that the same conduct constituted a violation of the antitrust laws, 15 U.S.C. §§ 1, 2. *Sbrocco v. Pacific Fruit, Inc.*, No. 81 Civ. 6724 (RWS). This court ordered the complaint dismissed for failure to state a claim upon which relief can be granted in an opinion dated June 29, 1982. The Second Circuit affirmed without opinion on January 24, 1983.

■ The complaint in this case alleges as a first cause of action interference with business relations. The parties agree that this is a claim based on prima facie tort, which is defined in New York as "the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or series of acts that would otherwise be lawful." *ATI, Inc. v. Ruder & Finn, Inc.*, 42 N.Y.2d 454, 458, 398 N.Y.S.2d 864, 866, 368 N.E.2d 1230, 1232 (1977) (citations omitted). To adequately state a claim under a prima facie tort theory, a plaintiff must allege special damages. *Id.* This requirement also applies in the federal courts. *See Fidenas AG v. Honeywell, Inc.*, 501 F.Supp. 1029, 1042 n. 19 (S.D.N.Y.1980); *National Nutritional Foods Ass'n v. Whelan*, 492 F.Supp. 374, 384–85 (S.D.N.Y.1980); *Catterson v. Caso*, 472 F.Supp. 833, 840 (E.D.N.Y. 1979).

■ The complaint fails to plead damages with the required particularity. It alleges only that "Northeast's business has been damaged and continues to be damaged

in an amount as yet to be determined which is believed to be in excess of $3,000 each week." This falls far short of the requirement. *See, e.g., Kalso Systemet, Inc. v. Jacobs,* 474 F.Supp. 666, 671 (S.D.N.Y.1979) (pecuniary loss must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious acts). *See also Drug Research Corp. v. Curtis Pub. Co.,* 7 N.Y.2d 435, 441, 199 N.Y.S.2d 33, 37, 166 N.E.2d 319, 322 (1960) (if special damage is loss of customers they must be named; statement of damages in round figures with no attempt at itemization is insufficient). Therefore, the first cause of action will be dismissed.[1]

The second claim is styled as a cause of action for disparagement. Under New York law, in the absence of an allegation that false statements have been made, a claim for disparagement is actionable only under a prima facie tort theory, *Penn-Ohio Steel Corp. v. Allis-Chalmers Mfg. Co.,* 7 A.D.2d 441, 444, 184 N.Y.S.2d 58, 61 (1st Dep't 1978), and is therefore subject to the special pleading requirement discussed above. *See Diehl & Sons, Inc. v. International Harvester Co.,* 445 F.Supp. 282, 292 (E.D.N.Y.1978). Indeed, as in *Kalso Systemet, Inc. v. Jacobs, supra,* 474 F.Supp. at 671, the allegations underlying this claim simply repeat those asserted in the first cause of action and then apply a new label. And in connection with this claim, the complaint alleges only that Northeast's and Sbrocco's business reputations "have been damaged and will be damaged in future years in an amount as yet to be determined." This is a far cry from special pleading.

In light of the fact that the two substantive claims will be dismissed for failure to plead special damages, the separately pleaded claim for punitive damages will also be dismissed.

For the reasons stated above, the motion is granted. The clerk is directed to enter judgment dismissing the complaint after twenty (20) days have expired from the date of this order in the event that no further application has been made.

IT IS SO ORDERED.

---

1. In light of this disposition, it is unnecessary to address the contention that the complaint should be dismissed for failure to allege that the defendants' conduct had a solely malicious motive. *See Rodgers v. Grow-Kiewit Corp. MK,* 535 F.Supp. 814, 816 (S.D.N.Y.1982), *aff'd,* 714 F.2d 116 (2d Cir.1982).