(March 27, 1986)

■ CELESTE LA MARCHE, Appellant-Respondent, v POWER TEST PETROLEUM DISTRIBUTORS, INC., et al., Respondents-Appellants.—Order of the Supreme Court, New York County (Harold Tompkins, J.), entered May 9, 1985, which granted plaintiff's motion for reargument of defendants' prior motion to dismiss the complaint and which dismissed a claim for punitive damages in the first cause of action, determined that the

second cause of action sounded in malicious prosecution, dismissed the third through sixth causes of action and granted defendants' motion to transfer venue to Nassau County, unanimously modified, on the law and the facts, without costs, to reinstate the claim for abuse of process, as set forth in the second cause of action, by reclassifying said second cause of action as one for abuse of process and to restore the third cause of action as one for malicious prosecution, including, with respect to both, the claim for punitive damages, and otherwise affirmed.

Defendants Power Test Petroleum Distributors, Inc. (hereinafter PT) and Leemilts Petroleum, Inc. (hereinafter LP) are subsidiaries of the defendant Power Test Corporation. The individuals are officers, employees and counsel.

PT and LP distribute petroleum products to gas stations.

In 1981 and 1982, plaintiff Celeste La Marche and her husband, Louis, entered into contracts with PT for the leasing of gas stations owned by it.

In 1982, PT and LP commenced action against both the La Marches, alleging that the couple used false names in order to obtain leases for eight gas stations despite corporate regulations limiting individuals to two stations. They also alleged a debt of $150,000 for petroleum products delivered and back rent. PT and LP obtained an order of attachment on property owned by Celeste, being the family residence and automobiles. The order of attachment was confirmed and Celeste appealed but did not perfect the appeal after her stay application was denied.

Judgment was entered against Louis La Marche but the causes of action against Celeste were dismissed.

Celeste sued, alleging six causes of action based on the contention that the attachment was obtained maliciously and that the documents and representations submitted to the court upon the attachment were false.

Defendants contend that there was no injury because the property was not actually seized but the order of attachment was merely filed with the Sheriff and that the confirmation of the attachment bars the contention that it was irregular.

The court, at Special Term, found the third cause of action was duplicative of the second cause and granted the motion to dismiss the third cause. However, the second cause is for abuse of process and the third cause is for malicious prosecution, which are distinct claims. In the second cause, it is alleged that process was manipulated to achieve collateral

advantage with special damages for legal fees. *(See, Board of Educ. v Farmingdale Classroom Teachers Assn., 38 NY2d 397.)*

The second cause does not sound in malicious prosecution because it does not assert that the defendants had no probable cause to commence either the attachment proceeding or the underlying action. *(See, Willard v Holmes, Booth & Haydens, 142 NY 492.)* However, a cause of action for malicious prosecution is set forth in the third cause for lack of probable cause, institution of the action with actual malice and interference with the plaintiff's property. *(See, Belsky v Lowenthal, 62 AD2d 319.)*

While, under the facts as alleged, causes of action are asserted, as aforesaid, as against a motion to dismiss pursuant to CPLR 3211, we do not pass on the question of whether these causes could survive a motion pursuant to CPLR 3212. Concur—Murphy, P. J., Kupferman, Lynch, Milonas and Rosenberger, JJ.